UNITED STATES of America, Plaintiff–Appellant,

v.

Emanuel BROWN, Defendant–Appellee.

UNITED STATES of America, Plaintiff–Appellee,

v.

Emanuel BROWN, Defendant–Appellant.

Nos. 93–5653, 93–5654.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 11, 1994.

Decided May 5, 1994.

**ARGUED:** William Graham Otis, Senior Litigation Counsel, Office of the U.S. Atty., Alexandria, VA, for appellant. Claude David Convisser, Alexandria, VA, for appellee. **ON BRIEF:** Helen F. Fahey, U.S. Atty., Vincent L. Gambale, Asst. U.S. Atty., Office of the U.S. Atty., Alexandria, VA, for appellant.

Before NIEMEYER, Circuit Judge, BUTZNER, Senior Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.

Vacated and remanded by published opinion. Senior Judge BUTZNER wrote the opinion, in which Judge NIEMEYER and Senior Judge JOSEPH H. YOUNG joined.

## OPINION

BUTZNER, Senior Circuit Judge:

Emanuel Brown pleaded guilty to a single count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). During sentencing, the district court classified Brown as a career offender because he had two prior felony controlled substance convictions in the District of Columbia. The court then departed downward because it found that one of Brown's convictions involved a small quantity of drugs.

The United States appeals the district court's downward departure. The defendant cross appeals, claiming that the court should not have considered his District of Columbia drug convictions to classify him as a career offender.

We hold that the district court did not err in classifying Brown as a career offender. Because we find the district court should not have departed downward, we vacate the defendant's sentence and remand for resentencing.

### I

On five occasions in October and November of 1991, undercover police officers purchased cocaine base from Brown. Subsequently, the grand jury returned a five-count indictment against him. Brown entered a plea agreement and, in exchange for dismissal of the remaining counts, pleaded guilty to one count of distributing five grams or more of crack.

Brown had two prior felony convictions for violating District of Columbia laws. They were a 1982 conviction for possession of heroin with intent to distribute for which he received a six-year sentence and a 1987 conviction for distribution of PCP for which he received a two-year sentence. The 1987 PCP sale occurred while he was on parole. For the purpose of determining career offender status, convictions in the District of Columbia court are treated as state convictions.

The court applied the career offender guideline. U.S.S.G. § 4B1.1. That guideline imposes a higher sentence on an offender convicted of a "controlled substance offense"

who also "has at least two prior felony convictions of ... a controlled substance offense." As a career offender, the government points out that Brown faced a sentencing range of 188 to 235 months imprisonment.

Because the district court found that the 1987 conviction involved a sale of only $20 worth of PCP, it decided that sentencing Brown as a career offender would overstate the seriousness of his criminal history. It relied on U.S.S.G. § 4A1.3, which authorizes downward departures when the criminal history category significantly overrepresents a defendant's criminal history. After noting that the sentencing guidelines did not adequately take into consideration the amount of drugs underlying state convictions, the court departed downward. It sentenced Brown to 84 months imprisonment, which would be at the lower end of the guideline range if he were not considered a career offender.

## II

■ In his cross appeal, Brown argues that the court erred when it classified him as a career offender. He contends that the Sentencing Commission exceeded its congressional mandate by including state offenses in the definition of controlled substance convictions in the career offender guideline, § 4B1.2. He argues that the relevant authorizing sentencing statute, 28 U.S.C. § 994(h), permits the career offender guideline only to take account of previous federal controlled substance convictions, not convictions under state drug laws.

Three circuits have rejected this argument and have held that 28 U.S.C. § 994(h) refers to state as well as federal crimes. We agree with this conclusion for reasons those circuits adequately stated. See United States v. Beasley, 12 F.3d 280, 282–84 (1st Cir.1993); United States v. Rivera, 996 F.2d 993, 995–97 (9th Cir.1993); United States v. Whyte, 892 F.2d 1170, 1174 (3d Cir.1989). The district court properly classified Brown as a career offender.

## III

■ A downward departure from a career offender sentence, although possible, is "re-

served for the truly unusual case." United States v. Adkins, 937 F.2d 947, 952 (4th Cir.1991). We review the court's downward departure under a multi-part test: we apply (1) a de novo standard to determine whether the reasons the district court used to support its departure encompassed a factor "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines," (2) a clearly erroneous standard to review whether the district court had adequate factual support to depart on the basis of the factor, (3) an abuse of discretion standard to determine whether the factor is of sufficient importance to justify a sentence outside the guideline range, and (4) an abuse of discretion standard to review whether the extent of the departure was reasonable. 18 U.S.C. § 3553(b); U.S.S.G. § 5k2.0; United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990).

■ Congress directed the Commission to formulate a career offender guideline that assured punishment at or near the authorized maximum term for certain recidivists. 28 U.S.C. § 994(h); United States v. Richardson, 923 F.2d 13, 16 (2d Cir.1991). To implement this directive, the Commission provided that a court should count a prior drug offense if it was serious enough to authorize a sentence exceeding a one-year term of imprisonment. U.S.S.C. § 4B1.2, Application Note 3.

By formulating the career offender guideline to reflect the authorized term of imprisonment for a drug offense, the Commission left the decision about the seriousness of different drug amounts to Congress and state legislators. If a legislative body considered the sale of a certain quantity of drug serious enough to require a term of imprisonment exceeding one year, then the quantity is sufficient to require application of the career offender guideline.

Moreover, the Commission formulated the career offender guideline to attain consistent sentences. The sentencing guidelines' approach seeks to "replace subjective, individualized judicial assessments of the gravity of criminal conduct with formal rules in order to generate more consistent, and therefore

more just, sentencing results." *United States v. Lambert,* 994 F.2d 1088, 1092 (4th Cir.1993). The career offender guideline seeks "consistent treatment of all recidivists" who fall within its provisions. *Richardson,* 923 F.2d at 16. Allowing individual district judges to decide what amount of drugs is small would undermine the consistency goal; what is small to one judge may not be so small to another. To guarantee consistency in determining career offender status, the guideline requires a district court to accept a legislative body's decision on the amount of drugs serious enough to authorize a sentence exceeding one year.

When the instant prosecution involves violation of federal law pertaining to drugs, the career offender guideline accounts for different drug quantities through two means. First, courts determine the career offender offense level from the statutory maximum penalty underlying the instant offense. U.S.S.G. § 4B1.1. The maximum statutory penalty for violation of 21 U.S.C. § 841(b) is in turn based on the quantity of drugs. Second, in selecting a sentence within the range derived from the offense level and criminal history category, a court may consider both the quantity of drugs involved in the instant offense and in the prior felonies. In light of the guidelines' underlying goal of consistently sentencing felons guilty of multiple controlled substance offenses, these two means demonstrate that the Commission adequately considered drug quantity. In reaching this conclusion, we join the Second Circuit. *See Richardson,* 923 F.2d at 15–17; *cf. United States v. Hays,* 899 F.2d 515, 518–20 (6th Cir.1990). *Contra United States v. Reyes,* 8 F.3d 1379, 1382–89 (9th Cir.1993).

Because we find that the Sentencing Commission adequately considered drug quantity in formulating the career offender guideline, we need not address the additional inquiries for reviewing a court's downward departure. We vacate the district court's judgment and remand for resentencing in a manner consistent with this opinion.

*VACATED AND REMANDED.*