**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4248

JOHN G. BRIDGES,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-95-21)

Submitted: June 24, 1997

Decided: August 6, 1997

Before WILKINS and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bader C. Giggenbach, WILLIAM C. BREWER ATTORNEYS AT
LAW, Morgantown, West Virginia, for Appellant. William D. Wil-
moth, United States Attorney, Thomas O. Mucklow, Assistant United
States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Bridges appeals from his sentence. Bridges pled guilty to distributing crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 860 (1994). The sentencing court classified Bridges as a career offender pursuant to United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1995). With an offense level of thirty-one and a Criminal History Category VI, his guideline range was 188 to 235 months. The court sentenced him to 188 months incarceration with five years of supervised release. Bridges timely appeals.

The Government's evidence established that Bridges was a street-level drug dealer and had been selling drugs since 1989. In 1990, Bridges pled guilty to a state charge of delivering a controlled substance. The state court placed him on probation for three years with a condition that one year be served in jail with credit allowed for time served. In 1992, while on probation for his state sentence, Bridges pled guilty to a federal charge of distributing crack cocaine within 1,000 feet of a school. The federal court sentenced him to nineteen months incarceration followed by twelve years of supervised release.

In March and April 1995, while on supervised release for the 1992 federal conviction, Bridges sold crack cocaine to a confidential informant on three different occasions within 1,000 feet of a school. Bridges pled guilty to one of the drug sales. Because of his two prior drug felony convictions, the presentence report classified Bridges as a career offender. Bridges objected to the classification. The court denied his objections and sentenced him to the low end of his guideline range.

On appeal, Bridges claims that the court erred in classifying him as a career offender because: (1) he committed the instant felony, as

2

well as his two prior felonies, pursuant to the common scheme or plan of supporting his drug addiction; (2) the enhancement constitutes cruel and unusual punishment; and (3) his classification overstates the seriousness of his criminal history and he was entitled to a downward departure.

Bridges initially contends that the instant offense and his two prior convictions constitute one single offense because they are part of the single common scheme or plan of supporting his drug addiction. Bridges meets the definition of a career offender pursuant to U.S.S.G. § 4B1.1, because he was at least eighteen years old at the time of the instant offense, which is a controlled substance offense, and he has two prior felony convictions that were controlled substance offenses. See United States v. Rivers, 929 F.2d 136, 141 (4th Cir. 1991). "The fact that [all three] offenses were committed to support one drug habit does not make the offenses related under § 4A1.2." Id. at 140. Shared motivation cannot transform Bridges's two prior convictions into one illicit act. See United States v. Sanders, 954 F.2d 227, 232 (4th Cir. 1992). Bridges's claim that Rivers and Sanders are distinguishable from the instant case because they involve crimes of violence is meritless. The guideline that specifies the requirements for career offender status, U.S.S.G. § 4B1.1, applies to both violent and controlled substance offenses.

Bridges next claims that his classification as a career offender constitutes cruel and unusual punishment because his sentence of 188 months was excessive when his relevant conduct for the instant offense was only 2.9 grams of cocaine base and his prior felony convictions contained minimal amounts of drugs. As the Government asserts, the Eighth Amendment does not require proportionality review for a sentence that is less than life without parole. See United States v. LaRouche, 896 F.2d 815, 831-32 (4th Cir. 1990). Severe, mandatory penalties may be cruel but they are not unusual. See Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991). Therefore, a sentence within statutory limits may not be disturbed on appeal on Eighth Amendment grounds unless the district court grossly abused its discretion. See LaRouche, 896 F.2d at 832. The record reveals that the court considered the amount of drugs involved in Bridges's offenses before sentencing him. Bridges's Eighth Amendment argu-

3

ment fails because his sentence was within the statutory limits and the district court did not abuse its discretion in sentencing him.

Lastly, Bridges alleges that his classification overstates the seriousness of his criminal history and he was entitled to a downward departure. Bridges contends that the court misconstrued its authority to depart downward from Bridges's guideline range based on his two prior felony convictions which involved minimal amounts of drugs and his history of non-violence. A district court's decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).

Bridges requested the court to depart from the career offender guidelines because his case was atypical under United States v. Adkins, 937 F.2d 947 (4th Cir. 1991). A court may, in an atypical case, depart downward where career offender status overstates the seriousness of the defendant's past conduct. See id. at 952; U.S.S.G. § 4A1.3. Thus, the sentencing judge in this case had the discretion to depart downward from Bridges's guideline range, which was based on his career offender status. However, such departures are reserved for "the truly unusual case." Adkins, 937 F.2d at 952. In United States v. Brown, 23 F.3d 839, 841-42 (4th Cir. 1994), this court overturned a district court's grant of a downward departure from career offender status that was based on the minimal amount of drugs involved in one of the defendant's prior convictions. In overturning the departure, this court reasoned that the Sentencing Commission adequately considered drug quantity in formulating the career offender guidelines. Id. at 842. The sentencing judge in this case had the discretion to depart downward from Bridges's career offender status, but was discouraged from exercising that discretion. Therefore, the judge's comment that she had "little discretion under the guidelines" reflects that she was aware of her discretion to depart downward, but was not presented with "the truly unusual case" providing the basis to exercise that discretion. Adkins, 937 F.2d at 952. Because the sentencing judge was not mistaken as to her authority to depart, we decline to review her decision not to depart. Bayerle, 898 F.2d at 30-31.

Accordingly, we affirm Bridges's sentence. We dispense with oral argument because the facts and legal contentions are adequately pres-

4

ented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5