**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                          No. 97-4476

DUANE CARROLL,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellant,</u>

v.                                                          No. 97-4545

DUANE CARROLL,
<u>Defendant-Appellee.</u>

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-96-398-WMN)

Submitted: June 30, 1998

Decided: October 19, 1998

Before WIDENER and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Jane Norman, BOND, CONTE & NORMAN, Washington, D.C., for Appellant. Lynne A. Battaglia, United States Attorney, Martin J. Clarke, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Duane Carroll was convicted by a jury of distributing heroin and cocaine, both in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1998). He appeals his convictions, contending that the evidence was insufficient. The government appeals the district court's decision to depart below the career offender guideline range, see U.S. Sentencing Guidelines Manual § 4B1.1 (1995), and impose a sentence of thirty-three months. We affirm the conviction but vacate the sentence and remand for resentencing within the career offender guideline range.

The government produced evidence at trial that Carroll sold drugs to Vance Williams, a confidential informant, on two occasions. Williams testified at trial that, on August 20, 1996, while assisting in an investigation of Baltimore drug dealer Duane Holland, he approached 2630 Maisbury Court. He was under surveillance and was wearing a recording device. Mike Tate was standing in front of the house and Carroll was on the porch. Williams asked Tate where he could buy some heroin. Tate called Carroll over. Carroll told Williams that Holland was not around, but that he had heroin for sale. Williams left to get authorization to purchase from Carroll, and returned later the same day to buy twenty capsules containing 3.61 grams of heroin from Carroll. On September 25, 1996, Williams returned to the same house to make another purchase. Tate told him that Carroll was

2

inside. Williams went to the door calling "Duane." Carroll let him in and sold him twelve vials containing .61 grams of cocaine. Carroll was convicted of both counts of distribution.

A verdict will be upheld on appeal "if there is substantial evidence, taking the view most favorable to the Government, to support . . . the conviction." United States v. Guay, 108 F.3d 545, 553 (4th Cir. 1997) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)). Carroll argues that the evidence was insufficient in his case because (1) the police officer who drove him into the neighborhood where the two controlled buys were made did not actually see Carroll hand the drugs to the informant on either occasion, and (2) Williams, the informant, was not a credible witness because he had a history of drug addiction and criminal convictions.

It was not necessary for the police officer to see the drug transactions in their entirety for the jury to find that they occurred. This court considers circumstantial evidence as well as direct evidence and allows the government the benefit of all reasonable inferences from the facts proved to the facts sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The officer was parked near the house during both sales and could see Williams talking to Tate and Carroll. Williams testified that, on August 20, Carroll gave him the heroin in front of the house but that he immediately followed Carroll around to the back of the house to complain that he had not received the two extra capsules he had been promised. On September 25, Carroll and Williams were inside the house when the sale took place. On both occasions, the officer could hear Williams' conversation. While the officer did not testify that he saw the actual transfer of drugs on the first occasion (possibly because other customers were standing around Carroll), and was not able to see the second transaction inside the house, his observations corroborated Williams' testimony.

The jury was informed about Williams' history of drug use and criminal convictions and his work as a paid informant when Williams testified. The credibility of a witness' testimony is within the province of the jury and is not reviewable on appeal. See United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). Because the jury found

3

Williams a credible witness, the evidence was more than sufficient to support its finding that Carroll distributed heroin and cocaine.

Carroll was a career offender because he had two prior felony convictions for crimes of violence (battery and assault) and one prior felony conviction for a drug offense. However, the district court determined that Carroll's career offender status overstated his criminal record and that a departure was warranted under USSG § 4A1.3, p.s. The court identified six factors supporting a departure: (1) Carroll was only twenty-two in 1986 when he committed the battery; (2) the battery conviction occurred ten years before the instant offense; (3) the assault conviction occurred five years after the battery and it was a simple assault rather than an aggravated assault; (4) the instant offense involved a small amount of drugs; (5) Carroll had a record of employment; and (6) Carroll had been given probationary sentences for the battery and the assault.

The district court's decision to depart is reviewed for abuse of discretion. See Koon v. United States, 518 U.S. 81, 96-100 (1996). Under the test set out in Koon, if the factor identified by the district court as supporting a departure is encouraged as a basis for departure, the court must still determine whether it has been taken into account by the applicable guideline. See United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997) (citing Koon). A criminal history category which significantly underrepresents the defendant's past conduct is an encouraged factor for departure, see USSG § 4A1.3, and this court has held that the district court may depart in a "truly unusual" case where career offender status overstates the seriousness of the defendant's criminal record. See United States v. Adkins, 937 F.2d 947, 952 (4th Cir. 1991). However, none of the specific factors listed by the court sets forth an adequate ground for departure.

Age is a discouraged factor for departure. See USSG § 5H1.1, p.s. A discouraged factor may not support a departure unless it "`is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present.'" Brock, 108 F.3d at 34-35 (4th Cir. 1997) (quoting Koon). That Carroll was twenty-two when he committed the first predicate offense does not make him an unusual career offender. A defendant's age in combination with other factors may be a basis for a departure below the career

4

offender guideline range. See United States v. Bowser, 941 F.2d 1019, 1024-26 (10th Cir. 1991) (predicate offenses were committed six years before instant offense when defendant was twenty years old, were committed in two-month period, and received concurrent sentences); United States v. Smith, 909 F.2d 1164, 1169-70 (8th Cir. 1990) (both predicate offenses committed within two-month period in 1983 when defendant was nineteen). By contrast, in this case, Carroll was twenty-two when he committed the first predicate offense in 1986. The second was committed in 1992 when he was twenty-seven, and a third was committed in 1993 when he was twenty-nine. On these facts, age cannot support a departure even in combination with the other factors identified by the district court.

It is not significant that the first predicate offense occurred nearly ten years before the instant offense because Carroll continued to engage in criminal conduct and violations of supervision during the intervening years.

Neither is it significant that Carroll had no convictions between the battery conviction and the assault conviction five years later because his criminal activity escalated after the 1992 assault conviction. He violated probation twice, and when he was paroled from the sentence imposed for a third qualifying felony conviction, the 1993 drug offense, Carroll violated parole by continuing to sell drugs.

The small amount of drugs involved in the instant offense is not a valid ground for departure. See United States v. Tejeda, ___ F.3d ___, 1998 WL 286045, at *2 (2d Cir. June 1, 1998); see also United States v. Brown, 23 F.3d 839, 842 (4th Cir. 1994) (quantity of drugs is a factor adequately accounted for in the guidelines).

A defendant's employment record is a discouraged factor, see USSG § 5H1.5, p.s., and thus must in some way make the case an exceptional one to support a departure. While Carroll worked at various jobs between 1983 and 1996 when he was not incarcerated, he reported no employment after early 1996, the year in which the instant offense took place. Carroll's employment record is not exceptional and cannot support a departure from the career offender guideline range either standing alone or in combination with the other factors listed here.

5

The lenient treatment Carroll received in the state courts for his prior offenses is not a ground for departure. See Tejeda, 1998 WL 286045, at *2; United States v. Phillips, 120 F.3d 227, 232 (11th Cir. 1997) (same).

Accordingly, we affirm Carroll's convictions, but vacate the sentence and remand for resentencing within the career offender guideline range. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED