**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

GARRY L. TOLER,

*Defendant-Appellant.*

No. 03-4928

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Charles H. Haden II, District Judge.
(CR-03-122)

Submitted: August 27, 2004

Decided: October 4, 2004

Before MOTZ and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

**COUNSEL**

Timothy P. Lupardus, Pineville, West Virginia, for Appellant. Kasey Warner, United States Attorney, Ronald G. Morgan, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Garry L. Toler pled guilty to bank robbery, 18 U.S.C. § 2113(a) (2000), and was sentenced as a career offender to a term of 210 months imprisonment. Toler appeals his sentence, contending that the district court clearly erred in denying him an adjustment for acceptance of responsibility, *U.S. Sentencing Guidelines Manual* § 3E1.1 (2003), and failed to recognize its authority to depart below the career offender guideline range pursuant to USSG § 4A1.3, p.s. We affirm in part and dismiss in part.

Although the government did not oppose an adjustment for acceptance of responsibility, the district court agreed with the probation officer's estimation that Toler had not been fully truthful in his presentence interview. In particular, the court found that Toler had tried to minimize his culpability by portraying the bank robbery as an impulsive, unplanned act driven by his drug addiction and immediate need for money to buy drugs. The probation officer noted that Toler admitted that he watched the bank for fifteen to twenty minutes before he entered it, talked to the head teller about opening an account for the same length of time, left the bank and returned a short time later to talk to her again. The head teller reported that, during the second conversation, Toler seemed to be watching the customers and waiting for them to leave. In addition, in a prior interview with agents from the Federal Bureau of Investigation, Toler had described in detail, under a grant of immunity, a number of robberies and fraudulent acts he had committed during the several years preceding the instant bank robbery. Yet he was reluctant to discuss these offenses with the probation officer and claimed that he could not remember the details. Toler's statement to the probation officer also conflicted with information from his wife, who reported that, when the police appeared at the motel where they were staying after the bank robbery and Toler disappeared, she called Toler at his parents' house and he

instructed her to go to another motel. Toler's daughter drove Mrs. Toler to the second motel, in Justice, West Virginia. She took the robbery proceeds with her, and registered at the motel under an assumed name. Toler said he had left the first motel to clear his head and later had searched frantically for his wife. He did not explain how he found her, but he was arrested at the same motel in Justice, where he had also registered under a false name.

The district court's factual determination that a defendant has not accepted responsibility is reviewed for clear error. *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir. 2002), *cert. denied*, 537 U.S. 1178 (2003). To qualify for the adjustment under the 2002 *Guidelines Manual*, a defendant must truthfully admit the conduct comprising the offense of conviction and admit, or not falsely deny, any relevant conduct for which he is accountable under USSG § 1B1.3. *See* USSG § 3E1.1, comment. (n.1(a)). The defendant need not admit relevant conduct or other criminal conduct beyond the offense of conviction. *Id.* However, a guilty plea alone does not entitle a defendant to the adjustment, and the adjustment may be denied if the defendant exhibits conduct that is inconsistent with acceptance of responsibility. USSG § 3E1.1, comment. (n.3); *United States v. Harris*, 882 F.2d 902, 906 (4th Cir. 1989).

Toler was not required to admit any criminal conduct beyond the offense of conviction to earn an adjustment for acceptance of responsibility. USSG § 3E1.1, comment. (n.1(a)). However, to the extent that Toler's statement to the probation officer conflicted with his prior admission to the FBI about other robberies and fraud offenses he had committed and with Mrs. Toler's statement, in an effort to portray the instant offense as an isolated, impulsive act, his lack of candor about these prior crimes was significant. Therefore, the district court did not clearly err in finding that Toler's conduct in the presentence interview was inconsistent with acceptance of responsibility.

A defendant qualifies for sentencing as a career offender if he is at least eighteen years old at the time of the instant offense, and has two prior felony convictions for either a crime of violence or a controlled substance offense. Toler was in his 40's when he committed the instant bank robbery and had prior felony convictions for armed robbery and cocaine distribution.

Toler does not offer any argument concerning the propriety of the district court's decision to sentence him as a career offender. He has thus abandoned on appeal the issue of his career offender status. *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued on appeal are deemed abandoned). Instead, Toler maintains that he was entitled to a departure below the career offender guideline range because both predicate offenses were committed more than fifteen years before he committed the instant offense,* the sentences were partially concurrent, and he did not have another felony conviction for a crime of violence or drug offense until his conviction for the instant offense. Toler suggests that the district court may not have understood its legal authority to depart downward because the court did not specifically address his request for a downward departure.

The sentencing court's decision not to depart downward is not reviewable on appeal unless its decision results from a mistaken belief that it lacks the authority to depart. *United States v. Carr*, 271 F.3d 172, 176 (4th Cir. 2001). To determine whether the district court erroneously failed to recognize its authority to depart, the appeals court should consider relevant statements made by the district court. *United States v. Aramony*, 166 F.3d 655, 665 (4th Cir. 1999). Here, the district court gave no indication that it was unaware of its authority to depart. Because § 4A1.3 explicitly gives the sentencing court the authority to depart downward and this Court has held that the court may depart downward from a career offender sentence, *see United States v. Brown*, 23 F.3d 839, 841 (4th Cir. 1994), the record provides no basis from which to conclude that the court did not recognize its authority to depart. Therefore, its decision is not reviewable.

We therefore affirm the sentence imposed by the district court, but dismiss that portion of the appeal that challenges the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

*The sentence for each predicate offense extended into the fifteen-year period preceding the instant offense, and was thus countable in Toler's criminal history. USSG § 4A1.2(e)(1).

before the court and argument would not aid the decisional process.

*AFFIRMED IN PART*;
*DISMISSED IN PART*