**UNITED STATES of America,**
**Appellee,**

v.

**William HERNANDEZ, Defendant–**
**Appellant.**

**No. 05–2145–CR.**

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

of New York, sitting by designation.

Stanislao A. Germán, New York, NY, for Appellant.

Jacob W. Buchdahl, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, and Robin L. Baker, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant William Hernandez appeals from a judgment of conviction entered on April 25, 2005 in the District Court following his plea of guilty to charges of (1) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); (2) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A); and (3) conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Defendant was sentenced principally to a term of 120 months' imprisonment, to be followed by five years of supervised release. We assume the parties' familiarity with the facts and procedural background of this case.

On appeal, defendant asserts, *inter alia*, that the District Court erred (1) by denying him a "minor role" adjustment pursuant to U.S.S.G. § 3B1.2 when determining the applicable Sentencing Guidelines range, and (2) by imposing an unreasonable sentence that failed to conform to applicable sentencing procedures devel-

oped following *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

"Following *Booker*, on sentencing appeals, we review a district court's factual determinations for clear error, its legal conclusions *de novo* [,] and its exercises of discretion with respect to departures for abuse of discretion." *United States v. Fuller*, 426 F.3d 556, 562 (2d Cir.2005); *see also United States v. Weisser*, 417 F.3d 336, 346 (2d Cir.2005) ("When reviewing a district court's application of the Guidelines in the post-*Booker* era, we examine questions of law *de novo* and issues of fact for clear error.").

An adjustment under U.S.S.G. § 3B1.2(b) is appropriate only when a defendant is "substantially less culpable than the average participant." U.S.S.G. § 3B1.2 & comment. (n.3(A)). A defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a minor-role adjustment under Section 3B1.2 of the Guidelines. *See United States v. Yu*, 285 F.3d 192, 200 (2d Cir.2002). We are mindful that the District Court's assessment of the defendant's role in the criminal enterprise is "highly fact-specific and depends upon the nature of the defendant's relationship to the other participants, the important of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001) (internal quotation marks omitted). A minor-role adjustment "will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' ... as compared to the average participant in such a crime." *Id.* at 235 (internal quotation marks omitted).

■ We hold that the District Court did not clearly err in its assessment of the facts nor did it commit legal error in declining to grant defendant a sentencing reduction to reflect his status as a "minor participant" in the crimes for which he was convicted. The record confirms that Hernandez had substantial contact with large quantities of narcotics, knowingly and repeatedly participated in drug trafficking, and was otherwise an integral part of the drug trafficking enterprise.

■ Defendant's argument that the District Court imposed an unreasonable sentence that failed to conform to applicable sentencing procedures developed following *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is similarly unavailing. First, defendant's contention that the District Court failed to consider all of the relevant sentencing factors enumerated in 18 U.S.C. § 3553(a) is belied by the District Court's April 20, 2005 Memorandum clarifying that it sentenced Hernandez to 120 months' imprisonment only "after considering the applicable Guideline range as well as the other factors listed in 18 U.S.C. § 3553(a)." The District Court was not required to engage in any additional talismanic recitation of § 3553(a) factors on the record. Second, defendant's argument that the District Court erred by imposing a disproportionate sentence is misguided because 18 U.S.C. § 3553(a)(6) does not authorize, much less require, a district court to impose a sentence "based on a co-defendant's lighter sentence." *United States v. Tejeda*, 146 F.3d 84, 87 (2d Cir.1998). Rather, the clear purpose of that portion of the Guidelines is to "eliminate unwarranted [sentencing] disparities nationwide." *United States v. Joyner*, 924 F.2d 454, 460 (2d Cir.1991). The mere fact that Enmanuel Hernandez was also sentenced to a term of 120 months' imprisonment does not suggest that defendant's sentence was unreasonable; this is particularly so given the District Court's finding that, in light of Enmanuel Hernandez's "age and history,"

he was "more susceptible to outer pressure against his own self interest."

Upon our review of the District Court's sentencing proceeding, we find no error either in its denial of defendant's request for a "minor role" adjustment or in its imposition of a 120–month term of imprisonment according to applicable, post-*Booker* procedures. The District Court properly calculated a Guidelines sentence, took into account the other factors set forth in 18 U.S.C. § 3553(a), and imposed a reasonable sentence, albeit one that was *below* the applicable Guidelines range for Hernandez's offense.

\*     \*     \*     \*     \*     \*

We have considered all of defendant's arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.