**UNITED STATES of America,**
**Appellee,**

v.

**Heriberto CASTRO, also known as "Primo," also known as LNU1–01cr0534–002, Defendant–Appellant.**

**No. 05–4561–CR.**

United States Court of Appeals,
Second Circuit.

April 10, 2006.

Raymond J. Lohier, Jr., Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Susan M. Damplo, Ardsley, NY, for Defendant–Appellant.

---

**2.** Castro's argument that *de novo* review is appropriate relies on the inapposite context of

Present: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. GERARD E. LYNCH, Judge.\*

### SUMMARY ORDER

Heriberto Castro, also known as Primo, appeals from an order entered on August 12, 2005 by the United States District Court for the Southern District of New York (Koeltl, *J.*) declining to resentence Castro upon remand from this Court pursuant to our decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). We presume the parties' familiarity with the underlying facts, the procedural history, and the issues presented.

We review the district court's sentencing decision for reasonableness. *See United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005).[2] The gist of Castro's argument is that, despite the district court's statements to the contrary, the district court would have imposed a lower sentence had the Guidelines been advisory rather than mandatory at the time of sentencing. We do not find this argument convincing. Castro's statement that the district court would have weighed the 18 U.S.C. § 3553(a) factors differently is pure speculation; moreover, the district court specifically reaffirmed its balancing of the factors with written justification in its decision not to resentence. We also see nothing wrong with the district court's reference, in its decision not to resentence, to Castro's having lied under oath about his lack of involvement in prior drug transactions. Nor is Castro's argument that he deserved a lesser sentence than his co-conspirator persuasive. *See United States v. Tejeda,*

reviewing a district court's denial of a motion to vacate a sentence pursuant to 28 U.S.C. § 2255 and is not an accurate reflection of the law relating to sentences on direct appeal.

146 F.3d 84, 87 (2d Cir.1998) (noting congressional interest in reducing disparity among similarly-situated defendants nationwide, not between co-defendants); *United States v. Joyner,* 924 F.2d 454, 460 (2d Cir.1991) (stating that the Sentencing Commission adequately considered disparity among co-defendants). Finally, we cannot say under the circumstances that the sentence of 135 months' imprisonment—the bottom of the Guidelines sentencing range of 135 to 168 months—was unreasonable.

We have considered all of the defendant's arguments and find them without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.