*United States v. Cook*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand seventeen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        ROBERT D. SACK,
        PETER W. HALL,
                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

        *Appellee*,

                v.                                                      No. 14-4753

TARIQ GILL, AKA Swamp, ISAIAH WILSON,

        *Defendants*,

JOHN WILLIAM COOK, Jr., AKA Ghost,

        *Defendant-Appellant*.

_____

1

For Appellee:                                   Edward Diskant, Sarah Eddy McCallum, Assistant
                                                United States Attorneys, Of Counsel, *for* Preet Bharara,
                                                United States Attorney for the Southern District of New
                                                York, New York, NY.

For Defendant-Appellant:                        Michael Baldassare, Baldassare & Mara, LLC, Newark,
                                                N.J.

Appeal from the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant John Cook was the target of a sting operation that resulted in Cook agreeing to engage in an armed robbery of drug dealers transporting cocaine and heroin and to distribute the bounty of that robbery. On the date of the planned robbery, Cook arrived at the scene of the would-be crime and was arrested. A jury subsequently convicted him of conspiring to distribute 500 grams or more of cocaine and 100 grams or more of heroin in violation of 21 U.S.C. §§ 841, 846 and of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). The District Court for the Southern District of New York (Nathan, *J.*) sentenced him to 240 months' imprisonment. Cook now challenges on appeal (1) the district court's denial of his pretrial motion to dismiss the Indictment based on outrageous government conduct, (2) the district court's submission of a lesser-included offense charge to the jury, and (3) his sentence of 240 months' imprisonment.

## I. Motion to Dismiss the Indictment

Prior to trial, Cook moved unsuccessfully to dismiss the Indictment on the ground that the sting operation that led to his arrest constituted outrageous government conduct that necessitates the dismissal of all charges. We review the district court's decision denying Cook's motion *de novo*. *United States v. Cuervelo*, 949 F.2d 559, 567 (2d Cir. 1991).

The Due Process Clause protects against government conduct that "is 'so outrageous that common notions of fairness and decency would be offended were judicial processes invoked to obtain a conviction.'" *United States v. Al Kassar*, 660 F.3d 108, 121 (2d Cir. 2011) (quoting *United States v. Schmidt*, 105 F.3d 82, 91 (2d Cir. 1997)). To establish a due process violation on this ground, it is not enough to "show that the government created the opportunity for the offense, even if the government's ploy is elaborate and the engagement with the defendant is extensive." *Id.* Rather, the government's participation must "shock[] the conscience," *United States v. Chin*, 934 F.2d 393, 398 (2d Cir. 1991) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)), which ordinarily means the government must engage in "coercion or a violation of the defendant's person," *Al Kassar*, 660 F.3d at 121.

We agree with the district court that Cook fails to satisfy this exacting standard. Cook offers no evidence in support of his argument beyond the observation that his conviction resulted from a sting operation. However, the mere fact that the government used a sting operation is insufficient to show that the government "exceed[ed] due process limits." *United States v. Cromitie*, 727 F.3d 194, 219 (2d Cir. 2013).

3

## II. The Jury Instructions

Cook argues that the district court erred in allowing the jury to determine (1) whether the drug trafficking conspiracy with which he was charged involved either five kilograms or more of cocaine, or 500 grams or more of cocaine and (2) whether the conspiracy involved either one kilogram or more of heroin, or 100 grams or more of heroin. The higher drug quantity figures, which the jury rejected, carry a maximum sentence of life imprisonment, 21 U.S.C. § 841(b)(1)(A); the lower figures constitute a lesser-included offense and carry a maximum sentence of 40 years' imprisonment, 21 U.S.C. § 841(b)(1)(B). A lesser-included offense charge is proper only when there is a "'disputed factual element' which would allow the jury rationally to conclude that the defendant is guilty of the lesser offense, but not the greater offense." *United States v. Harary*, 457 F.2d 471, 475 (2d Cir. 1972) (quoting *Sansone v. United States*, 380 U.S. 343, 350 (1965)). Cook contends that, because he pursued an entrapment defense at trial and, as a result, did not challenge the evidence of drug quantity that supported the higher quantity, there was no "disputed factual element" for the jury to resolve. Thus, Cook concludes, the district court should have instructed the jury only to find whether Cook was guilty of conspiring to distribute the higher quantity, and his conviction of conspiring to distribute the lower quantity should be vacated.

We need not reach this argument because Cook has waived it. Prior to trial, the parties jointly submitted a proposed charge that included the instruction on quantity about which Cook now complains. "[A] defendant who has 'invited' a challenged charge 'has waived any right to appellate review,'" *United States v. Hertular*, 562 F.3d 433, 444 (2d Cir. 2009) (quoting *United*

4

*States v. Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006) (per curiam)), and this type of "true waiver" precludes even plain error review, *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007).

Cook's argument that, despite initially requesting the quantity instruction, he later objected to it at the charge conference is belied by the record. At the start of the charge conference, the district court asked the parties to "work through page by page, and line by line, to the extent you have objections or requests," but to "bracket entrapment [issues] until we get through everything else." J.A. 614. At no point during the first phase of the conference did Cook object to the quantity instruction. Once the parties had moved on to discuss whether the jury should be given an entrapment instruction and the district court had asked Cook for his argument "with respect to entrapment on Count One," J.A. 652, Cook then mentioned quantity for the first time: "[W]e are going to ask the jury to find, even—I looked at the Court's verdict sheet—the quantity. I just think that this case, that's just not how this case went in. If this was a hand-to-hand, street-level conspiracy, maybe it's different." J.A. 653. To lodge a proper objection, a party must "fairly alert[] the court and opposing counsel to the nature of the claim," *United States v. Rodriguez-Gonzalez*, 899 F.2d 177, 180 (2d Cir. 1990), and no reasonable listener would have understood Cook's comment, coming as it did in the middle of a discussion of entrapment that spanned 40 pages of the transcript, to have constituted an objection to the instruction requiring the jury to make a quantity finding.

5

Accordingly, we decline to review the district court's submission of the lesser-included offense charge to the jury, and we affirm Cook's conviction of conspiring to distribute 500 grams or more of cocaine and 100 grams or more of heroin.

### III. Cook's Sentence

Cook challenges his sentence in three ways. First, he argues that his sentence results in an unwarranted disparity in relation to the sentences imposed on his co-defendants and on the targets of other sting operations. Second, he contends that the district court, when determining what quantity of drugs Cook's conspiracy involved for purposes of the Guidelines calculation, improperly found facts that the jury had rejected in its verdict, that is, that the district court held Cook responsible for "acquitted conduct." Third, Cook complains that the district court committed error when it refused to grant him an offense-level adjustment for "acceptance of responsibility." "We review sentences for abuse of discretion, a standard that 'incorporates de novo review of questions of law (including interpretation of the [Sentencing] Guidelines) and clear-error review of questions of fact.'" *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008)).

*First*, we reject Cook's claim that the district court's sentence creates an unwarranted sentencing disparity. *See* 18 U.S.C. § 3553(a)(6) (directing district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). To the extent that Cook claims that the district court procedurally erred by failing to discuss the possibility of a sentencing disparity, *see United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) ("A district court commits procedural

6

error where it fails to . . . consider the § 3553(a) factors."), the record is to the contrary. The district court explicitly considered the sentences imposed on Cook's co-defendants, but found that Cook deserved a greater sentence. Although the district court never considered aloud the possibility that Cook's sentence may result in an unwarranted disparity from the sentences imposed on targets of similar sting operations, as Cook now argues is the case, Cook never raised the issue below, and we do not require sentencing judges to engage in "robotic incantations" discounting arguments never offered. *Cf. United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013) (per curiam) (quoting *United States v. Crosby*, 397 F.3d 103, 113-14 (2d Cir. 2005)).

We likewise find that the district court committed no substantive sentencing error when it sentenced Cook to 240 months' imprisonment. The aim of 18 U.S.C. § 3553(a)(6) is to "eliminat[e] disparity on a *national* level," *United States v. Tejeda*, 146 F.3d 84, 87 (2d Cir. 1998) (per curiam), and so we reject Cook's claim of unwarranted disparity with respect to his co-defendants. In any event, the district court persuasively explained that it considered Cook's greater sentence necessary in light of the seriousness of Cook's criminal history (he has previously been convicted of manslaughter) and Cook's role in the offense (he recruited his co-defendants). As for the sentences imposed on defendants whose convictions resulted from other, similar sting operations in the Southern District of New York, even if an intra-district disparity could give rise to a valid claim, Cook would still have failed to establish any improper disparity here. Cook observes that defendants prosecuted after other sting operations received lighter sentences, but he fails to provide sufficient details regarding the nature of those sting operations, and the defendants' Guidelines ranges to allow us to conclude that an improper disparity exists.

7

*Cf. United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005) ("A well-founded claim of disparity . . . assumes that apples are being compared to apples."). In the one example for which Cook does offer some additional information, the defendant's Guidelines range was 57 to 71 months' imprisonment, which pales in comparison to the range of 228 to 270 months applicable to Cook. Therefore, although Cook's sentence may have resulted in a "sentencing *difference*," this is not the type of "forbidden 'disparity'" that the Guidelines endeavor to eliminate. *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006).

**Second**, the district court, when making its Guidelines calculation, did not err in finding that the trafficking conspiracy involved 18 kilograms of cocaine and five kilograms of heroin. As Cook effectively admits in his challenge to the district court's quantity instruction, the evidence was more than sufficient to sustain the district court's finding. And although the jury did not convict Cook of conspiring to distribute this amount, we have repeatedly held that "even acquitted conduct may be treated as relevant for purposes of Guidelines calculations 'so long as that conduct has been proved by a preponderance of the evidence.'" *United States v. Jones*, 531 F.3d 163, 176 (2d Cir. 2008) (quoting *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam)).

**Third**, we find no error in the district court's decision not to grant Cook an offense level adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a) ("If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."). "Whether the defendant has accepted responsibility is a factual question, and '[a] district court's determination in this regard should not be disturbed unless it is "without

8

foundation.""" *United States v. Harris*, 13 F.3d 555, 557 (2d Cir. 1994) (quoting *United States v. Irabor*, 894 F.2d 554, 557 (2d Cir. 1990)). Here, the district court found that Cook did not qualify for the adjustment because he attempted to downplay his willingness to use violence and because he attempted to shift the blame for his conduct to the government's informant. Cook has not demonstrated that these findings, or the district court's ultimate conclusion that Cook did not accept responsibility, were clearly erroneous. Accordingly, we affirm the district court's ruling.

## IV. Conclusion

We have considered all of Cook's arguments and find in them no basis for reversal. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

9