[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 5, 2005
THOMAS K. KAHN
CLERK

No. 04-14293
Non-Argument Calendar

_____

D. C. Docket No. 03-80093-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMAURY SALAZAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 5, 2005)

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Amaury Salazar ("Salazar") appeals his 360-month sentence for possession

with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  Salazar raises three issues for the first time on appeal, finding error in the district court's decisions to: (1) classify Salazar as a career offender based on prior convictions that were constitutionally invalid under for the purposes of enhancing his sentence under 21 U.S.C. § 851; (2) sentence Salazar based on career offender factors that were neither charged in the indictment nor found by a jury; and (3) sentence Salazar under a mandatory version of the United States Sentencing Guidelines ("Guidelines"), entitling him to re-sentencing under United States v. Booker, 125 S.Ct. 738 (2005).

Because Salazar failed to present these arguments to the district court, our review is limited to plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. denied, Rodriguez v. United States, 125 S. Ct. 2935 (2005).  We will correct plain error only where: (1) there is error; (2) that error is plain; (3) the error affects the defendant's substantial rights; and (4) the error also seriously affects the fairness, integrity, or public reputation of judicial proceedings.  See United States v. Olano, 507 U.S. 725, 731 (1993).  Each of Salazar's arguments fail to satisfy this standard.

COLLATERAL ATTACK ON PRIOR CONVICTIONS

First, Salazar argues that the district court erred in classifying him as a career

offender under § 4B1.1 of the Guidelines.  Specifically, Salazar argues that because the district court determined that his prior offenses were invalid under 21 U.S.C. § 851, they were equally invalid for use under § 4B1.1.

Our precedent squarely rejects such an argument.  We have expressly held that a district court may not ignore or discount a prior conviction for purposes of § 4B1.1 unless the prior conviction was: (1) invalidated in a prior proceeding; or (2) obtained in violation of the defendant's right to counsel.  United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997); United States v. Gray, 367 F.3d 1263, 1273-74 (11th Cir. 2004) (explaining that collateral attacks on prior convictions are permitted during sentencing only where right-to-counsel violations are claimed).  Salazar did not challenge his prior convictions based on a violation of his right to counsel.  Rather, he argued that he did not understand the nature of the charges against him.  As such, the district court was obligated to include those convictions in its calculations under § 4B1.1 and conclude that Salazar was a career offender.

BOOKER ERROR

Salazar raises two Booker arguments.  First, he argues that the district court erred in enhancing his sentence based upon prior convictions where both the fact and nature of those convictions were not proven to the jury beyond a reasonable doubt.  However, the Supreme Court has held that the government need not allege

3

in the indictment nor prove beyond a reasonable doubt a defendant's prior convictions in order for a district court to use those convictions to enhance the defendant's sentence. United States v. Almendarez-Torres, 523 U.S. 224, 247 (1998); Shepard v. United States, 125 S.Ct. 1254, 1257 (2005); see also, United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005) (explaining that there is "no merit to [the] argument that the Sixth Amendment requires that a jury, not a judge, determine whether [a defendant's] prior conviction is within the category of offenses specified in [a Guideline section]." ).

Second, Salazar argues that he is entitled to re-sentencing because he was sentenced under the mandatory guidelines that Booker has rendered advisory. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). However, Salazar cannot satisfy the plain error standard necessary for re-sentencing because he has not discharged his burden to show a reasonable probability of a different result under the advisory guidelines system. United States v. Taylor, 417 F.3d 1176, 1183 (2005).

The district court committed no reversible error.

**AFFIRMED**.