[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-13715

_____

D.C. Docket Nos. 06-81032-CV-DTKH,
03-80093-CR-DTKH

AMAURY SALAZAR,

Petitioner–Appellant,

versus

UNITED STATES OF AMERICA,

Respondent–Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 17, 2009)

Before BARKETT and FAY, Circuit Judges, and TRAGER,[*] District Judge.

---

[*] Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

PER CURIAM:

Amaury Salazar appeals the district court's denial of his motion pursuant to 28 U.S.C. § 2255 to vacate his sentence — 360 months of imprisonment and 10 years of supervised release — for intentionally possessing with the intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). In his motion, Salazar argued, in relevant part, that his trial counsel rendered ineffective assistance of counsel by failing to call two critical defense witnesses at trial. On appeal, Salazar argues that the district court erred in failing to hold an evidentiary hearing on his claim that his lawyer was ineffective for failing to call these witnesses because his § 2255 motion and supporting documents stated facts which, if true, would have entitled him to relief. He asserts that his pro se allegations raised a factual dispute regarding his lawyer's ineffectiveness that could not be resolved conclusively on the record before the district court, and that warranted an evidentiary hearing. We agree.

## I. Standard of Review

We review the denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion. Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002). An evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled

2

to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is necessary, however, "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel." Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (quotation omitted). A hearing is not required when the petitioner's allegations are affirmatively contradicted by the record. United States v. Guerra, 588 F.2d 519, 521 (5th Cir. 1979).

In a § 2255 proceeding, we review a district court's legal conclusions de novo and its factual findings for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). We review de novo claims of ineffective assistance of counsel. Caderno v. United States, 256 F.3d 1213, 1216–17 (11th Cir. 2001). To make a successful claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 697 (1984). Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693.

## II. Facts and Discussion

In 2003 the Lake Worth Police Department received word from a confidential informant, Hairo Roman, that a Cuban male was selling large quantities of crack cocaine in the Lake Worth area. The sergeant in charge of the investigation, Randolph Collier, solicited the help of a fellow officer, Oscar Cardenas, in arranging a buy through Roman. At the request of the police, Roman made a call to the alleged drug seller and arranged a meeting between Officer Cardenas (described by Roman to the drug seller simply as a "Columbian friend" who was interested in purchasing crack cocaine) and the drug seller for later that evening at a local bar. Officer Cardenas, accompanied by Roman, proceeded to the bar and waited for the drug seller to arrive. Salazar arrived approximately 90 minutes later in a jeep, accompanied by two passengers, Amanda Harlan and Cesar Olive.

The subsequent facts were disputed at trial. Both parties agreed that Salazar exited and proceeded to the back of the jeep. Officer Cardenas, however, testified that when he approached Salazar at the back of the jeep, Salazar produced a white bag that contained crack cocaine. Officer Cardenas said that he never assumed control of the bag, and told Salazar to hold it while he gathered the buy money. Officer Cardenas then gave the signal for the surveillance units to arrest Salazar.

Salazar, on the other hand, denies ever having any cocaine, and contends that Harlan and Olive could have corroborated this fact.

After the arrest Salazar was taken to the police department. Sergeant Collier testified at trial that at this point Salazar admitted to possessing crack cocaine. Salazar also denies ever making this admission. There was no videotape of either the drug transaction, or the confession,[1] nor was any written confession ever produced. The only other testimony was that of Officer Long, who said that Salazar gave the bag at issue to Officer Cardenas.

At trial Salazar's lawyer raised a number of arguments highlighting the weaknesses of the government's case: (1) the phone calls allegedly made by Roman to Salazar were not recorded; (2) Sergeant Collier stated that he saw Salazar give the white bag to Officer Cardenas, yet Officer Cardenas testified that Salazar never gave him the bag; (3) it was not credible for the police to take Salazar to the police department to make a statement and then not record it, videotape it, or have written evidence of it. However, no defense witnesses were presented. The jury found Salazar guilty.

In his § 2255 motion, Salazar argued, in relevant part, that his lawyer was

---

[1] There was, however, an audiotape recorded at the drug transaction, but it was in Spanish, and was not translated at trial other than through the testimony of Officer Cardenas, which Salazar claims was false. Moreover, the audiotape was of such poor quality that it failed to definitively prove Salazar's guilt.

ineffective for failing to call his two companions in the jeep on the night of the arrest, Harlan and Olive, as defense witnesses at trial. He argued that they were present at the scene and would have been able to corroborate his claim that he never possessed any crack cocaine and that the district court erred in failing to hold an evidentiary hearing on this claim. We agree.

If Salazar's allegations are true, the testimony of Harlan and Olive would have directly contradicted the testimony of the arresting officers. Salazar argues that his allegations showed that the failure to call these witnesses prejudiced him in that it deprived him of a trial whose result was reliable. See Workman v. Tate, 957 F.2d 1339, 1345 (6th Cir. 1992) (finding counsel negligent in failing to interview "promising witnesses"). If the testimony of Harlan and Olive had been heard and credited over that of the police officers, he could have been cleared of all charges against him as only the testimony of the officers connected him to the bag of crack cocaine.

Under the totality of the circumstances we find that Salazar's allegations are not affirmatively contradicted by the record, and find Salazar to be entitled to an evidentiary hearing to determine both whether his allegations are true in the first instance, and whether counsel's failure to call these witnesses constituted

ineffective assistance of counsel.[2]

Accordingly, we **REVERSE** the order denying relief and **REMAND** for an

evidentiary hearing on Salazar's claims.

---

[2] Without any statement from Salazar's lawyer, it is impossible to say whether the decision not to present any defense witnesses was strategic, or deficient. Nor did the government request that the court order defense counsel to file an affidavit setting forth the reasons for not calling those witnesses.