[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16278

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2011
JOHN LEY
CLERK

D. C.  Docket Nos. 06-81032-CV-DTKH
03-80093 CR-DTK

AMAURY SALAZAR,

                                                            Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                            Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 11, 2011)

Before TJOFLAT and BARKETT, Circuit Judges, and STEELE,[*] District Judge.

PER CURIAM:

---

[*] Honorable John E. Steele, United States District Judge for the Middle District of Florida.

In <u>United States v . Salazar</u> (<u>Salazar I</u>), 157 Fed.Appx. 190. 2005 WL 3274999 (C.A.11 (Fla.)), we affirmed Amaury Salazar's 360 months' prison sentence imposed by the district court after a jury found him guilty of possession with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).  On November 6, 2006, Salazar, proceeding <u>pro se</u>, moved the district court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 on the ground that his trial attorney rendered ineffective assistance of counsel, in violation of the Sixth Amendment, by failing to call two witnesses he considered critical to his defense at trial, Amanda Harlan and Cesar Olave.  They were passengers in the Jeep Wrangler he drove to a local bar (on the day he was arrested for the § 841(a)(1) offense) allegedly to distribute crack cocaine to an undercover police officer.  According to the police, and apparently found by the jury, Salazar exited the vehicle carrying a white paper bag containing the drugs for which he was indicted and convicted.  In his motion, Salazar asserted that Harlan and Olave would have contradicted the police officers' testimony and thus corroborated his claim that he had no crack cocaine in his possession.  (Salazar did not testify at his trial; nor did he take the stand at the evidentiary hearing described below to make such a claim.)

The district court denied Salazar's motion without an evidentiary hearing.

2

Salazar appealed. Concluding that his allegation of ineffective assistance was not affirmatively contradicted by the record, we vacated the district court's decision denying the motion and remanded the case for an evidentiary hearing. Salazar v. United States (Salazar II), 319 Fed.Appx. 815, 2009 WL 684772 (C.A.11 (Fla.)).

On remand, the district judge referred the matter to a magistrate judge, who appointed counsel for Salazar and held an evidentiary hearing. At the hearing, the magistrate judge heard the testimony of Salazar's trial attorney, and the testimony of Amanda Harlan.[1] After hearing from Harlan, who was romantically involved with Salazar at the time he was arrested and afterwards, the magistrate judge found that her testimony was "highly suspect, and disingenuous," and "at times equivocal or contradictory," and that it "would not have affected the outcome of the . . . trial. The magistrate judge therefore concluded that, assuming that trial counsel should have called Harlan to testify and that she testified in accordance with her statements at the evidentiary hearing, her testimony would not have

---

[1] Olave did not testify at the hearing; nor did Salazar introduce an affidavit setting out what Olave would have said had he testified at the trial. Trial counsel testified that she did not call Olave to testify at Salazar's trial because he had been arrested immediately following Salazar's arrest and had a small amount of cocaine in his possession. Counsel said that if called to testify in Salazar's defense and if he did not invoke his Fifth Amendment privilege to remain silent, his testimony would not have been inculpatory.

altered the outcome of the trial.[1]  In other words, Salazar had not shown prejudice sufficient to make out a claim of ineffective assistance under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

The magistrate judge issued a Report & Recommendation ("R & R") recommending that the district court deny § 2255 relief.  After conducting a <u>de novo</u> review of the record, the district court adopted the R & R and denied Salazar's § 2255 motion.

Salazar now appeals.  We issued a certificate of appealability ("COA") on one issue: whether trial counsel's performance was constitutionally deficient as Salazar has alleged.  In his brief, Salazar frames the issue thusly: "Whether trial counsel was ineffective for failing to interview eyewitness Amanda Harlan." Appellant's Br. at 1.  The magistrate judge, and subsequently the district judge, found, in effect, that counsel's failure to interview Harlan prior to trial was of no moment, for she would not have provided exculpatory testimony or otherwise altered the outcome of the proceeding.   We agree for the reasons stated in the R & R.  The district court's judgment is therefore

AFFIRMED.

---

[1]  We note in passing trial counsel's testimony that Salazar never instructed her to call Harlan (or Olave) to testify in his behalf.  Of course, this fact does not have a bearing on whether counsel should have interviewed Harlan prior to Salazar's trial.