**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Amaury SALAZAR, Defendant–
Appellant.**

No. 15–12868
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 11, 2016.

Wifredo A. Ferrer, Laura Thomas Rivero, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, William T. Zloch, U.S. Attorney's Office, Fort Lauderdale, FL, for Plaintiff–Appellee.

Bernardo Lopez, Federal Public Defender's Office, Fort Lauderdale, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

PER CURIAM:

Amaury Salazar, a federal prisoner, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence pursuant to Amendment 782 to the Sentencing Guidelines. The district court determined that Salazar was ineligible for a sentence reduction because Salazar had been sentenced as a career offender. No reversible error has been shown; we affirm.

We review *de novo* a district court's legal conclusions about the scope of its authority under section 3582(c)(2). *United States v. Lawson,* 686 F.3d 1317, 1319 (11th Cir.2012).

A district court may not reduce a defendant's term of imprisonment unless (1) the defendant's sentence was based upon a guideline range that the Sentencing Commission later lowered and (2) a reduction is consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2). A reduction is inconsistent with the guidelines' policy statements if the guidelines amendment does not lower the defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), comment. (n.1(A)).

The district court lacked the authority to reduce Salazar's sentence, pursuant to section 3582(c)(2), because Salazar's applicable guidelines range was not lowered by Amendment 782. Retroactive application of Amendment 782 would have reduced Salazar's base offense level based on the quantity of drugs involved in his offense, but Salazar's adjusted offense level would still be 37 based on the operation of the career-offender guideline in section 4B1.1. Thus, Salazar's applicable guideline range remains unchanged. The district court committed no error in concluding that Salazar is ineligible for a sentence reduction. *See United States v. Hamilton,* 715 F.3d 328, 337 (11th Cir.2013) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." (alteration omitted)).

On appeal, Salazar contends that he never should have been sentenced as a career offender because his prior felony convictions were deemed invalid for purposes of a 21 U.S.C. § 851 enhancement. This Court has already rejected Salazar's argument on direct appeal. *See United States v. Salazar,* 157 Fed.Appx. 190, 191 (11th Cir. 2005) (concluding that Salazar's argument

was foreclosed squarely by circuit precedent). We are bound by our earlier determination of that issue. *See United States v. Escobar–Urrego*, 110 F.3d 1556, 1560 (11th Cir.1997) ("Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case."). Moreover, the district court lacked jurisdiction to consider Salazar's challenge to his career-offender classification in this proceeding. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir.2000) (in the context of a section 3582(c)(2) motion, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." (emphasis in original)).

AFFIRMED.