United States Court of Appeals,

Eleventh Circuit.

No. 95-8850.

UNITED STATES of America, Plaintiff-Appellant,

v.

Robert PHILLIPS, Defendant-Appellee.

Aug. 22, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:88-cr-569-1), Marvin H. Shoob, Judge.

Before CARNES, Circuit Judge, and HENDERSON and GIBSON[*], Senior Circuit Judges.

CARNES, Circuit Judge:

The district court has sentenced Robert Phillips three times in this case, the government has appealed twice, and this is the third time the case has been before this Court. Technically speaking, this appeal presents issues involving the law of the case doctrine, the career offender sentencing guidelines, and downward departure. More broadly speaking, this is one of those cases in which the district judge struggles against the constraints of the guidelines in order to impose what he feels is a proper sentence, only to be reined in by the court of appeals. We do so, holding that the district court abused its discretion in departing downward from the career offender guidelines, U.S.S.G. § 4B1.1, on grounds relating to the circumstances leading to one of the predicate offense convictions or the leniency of the sentence imposed for that conviction.

## I. FACTS AND PROCEDURAL HISTORY

After a one-day bench trial, Phillips was found guilty on eleven counts of narcotics and firearm possession. At sentencing, the district court found that between 50 and 150 kilograms of cocaine were attributable to Phillips, which meant a base offense level of 36. The court added two levels for obstruction of justice and four levels for Phillips' leadership role, producing an adjusted offense level of 42. The court calculated Phillips' criminal history category at III, resulting in a

_____

[*]Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

guideline range of 360 months to life. The court also determined that Phillips was a career offender under § 4B1.1(A), which corresponded to a base offense level of 37 and a criminal history category of VI. The applicable guideline range was again 360 months to life, and the court sentenced Phillips to 360 months, to be followed by a mandatory 60 additional months for a violation of 18 U.S.C. § 924(c), and it imposed a $50,000 fine.

Phillips appealed both his conviction and sentence. We affirmed the conviction, but remanded for resentencing because the district court failed to address Phillips personally to ascertain if he had any statement regarding his sentence, as required by Federal Rule of Criminal Procedure 32(a)(1)(C) (current version at Fed.R.Crim.P. 32(c)(3)(C)). *See United States v. Phillips,* 936 F.2d 1252 (11th Cir.1991).

On remand, the district court revisited Phillips' sentence, reducing the amount of drugs attributable to Phillips, thereby lowering his offense level to 26. The court applied a two-level increase for obstruction of justice, as it had the first time; but this time it applied only a two-level increase for Phillips' role as a manager, as opposed to the four-level increase it had originally applied for that reason. These changes resulted in an adjusted offense level of 30. The district court again determined that Phillips was a career offender under § 4B1.1, which automatically gave him an offense level of 37, a criminal history category of VI, and a guideline range of 360 months to life.

However, the district court did not sentence Phillips as a career offender. Instead, it departed downward and sentenced Phillips as if he were not a career offender. Disregarding Phillips' career offender status left him with an adjusted offense level of 30, a criminal history category of III, and a guideline range of 121 to 151 months. The district court chose the lower end of the guideline range and sentenced Phillips to 121 months to be followed by the mandatory 60-month sentence required by 18 U.S.C. § 924(c). The district court explained its downward departure from the career offender status and offense level by noting that Phillips had received a probated sentence on his aggravated assault conviction, one of the two predicate offenses upon which his career offender

2

status was based. The court did not specify what guideline, if any, authorized the downward departure it applied.

The government appealed the sentence, and a divided panel of this Court vacated and remanded. *See United States v. Phillips,* No. 93-8429, 47 F.3d 430, slip op. at 5 (11th Cir. Feb.3, 1995). The majority opinion concluded that the district court's stated ground for departure—the probated sentence on the aggravated assault charge—was an improper basis for departure. The majority explained that the Sentencing Commission had taken into consideration the fact that a variety of sentences might be imposed for the same predicate offense depending upon application of the career offender guideline. Thus, the Commission had determined that certain felony convictions will count as predicate offenses regardless of the sentence imposed, whether it be imprisonment or probation. *See id.* at 4-5. Because the Commission had already determined what impact the type of sentence would have on the applicability of the career offender guidelines, the majority held that Phillips' probated sentence was an inappropriate ground for a downward departure. *See id.* at 5.

Judge Johnson dissented. He construed the district court's departure as actually made under § 5K2.0, although the district court had not specified which guideline the departure was based upon. Judge Johnson considered any error the district court made in utilizing § 5K2.0 to be harmless, because he thought the district court could have departed downward under § 4A1.3, which allows for departure if the guideline sentence over-represents a defendant's past criminal history. *See id.* at 6 (Johnson, J., dissenting).

On remand, the district court followed Judge Johnson's suggestion. Explicitly invoking § 4A1.3, the district court found that the career offender designation "significantly over-represents the seriousness of defendant's criminal history." The court further explained that in view of the practices of the Fulton County courts (where Phillips received his aggravated assault conviction) and the circumstances surrounding his conviction, a downward departure was warranted. The district court again departed downward and sentenced Phillips as if the career offender guidelines did not apply:

3

an offense level of 30, a criminal history category of III, and a guideline range of 121 to 151 months. The district court selected the lower end of the range, and sentenced Phillips to 121 months, to be followed by the mandatory 60-month sentence required under § 924(c).

Thus, the district court reached the same result after being reversed as it had before. The government appealed again, and here we are for a third time with sentencing issues in this case.

## II. STANDARD OF REVIEW

We review a district court's decision to depart from the guidelines for abuse of discretion. *See Koon v. United States,* --- U.S. ----, ----, 116 S.Ct. 2035, 2046, 135 L.Ed.2d 392 (1996).

## III. DISCUSSION

### A. LAW OF THE CASE

The government's first argument is that the district court's downward departure was precluded under the law of the case doctrine. The government points to several places in the latest sentencing hearing where the district court stated that it was acting pursuant to Judge Johnson's dissent. According to the government, those statements show "complete disregard" for the majority opinion, which constitutes the law of the case. In response, Phillips argues that the majority panel opinion rejected only the district court's previous reliance upon the probated sentence as a ground for departure, leaving the district court free to depart on other grounds. Phillips contends that the district court followed the law of the case because it did not depart based upon the probated sentence. Instead he suggests that what the district court did was rely upon the circumstances surrounding the conviction that led to the probated sentence. Doing that was not explicitly forbidden by our prior opinion in this case, Phillips argues.

Phillips is trying to draw a fine line of distinction, but we do realize that both this Court's prior opinion and the transcript of the district court's latest sentencing hearing are open to differing interpretations. We need not choose between those competing interpretations and resolve the law of the case issue, because on the merits of the matter the downward departure was not authorized.

4

In other words, even assuming the district court's latest downward departure theory is not barred by the law of the case doctrine, it is still wrong.

## B. DOWNWARD DEPARTURE

The district court offered the following explanation for its downward departure:

> [B]ased on my many years of experience in the Fulton County courts, and recognizing the substantial case load of the criminal cases carried by those courts, and the practice of charging the more serious offenses available for plea bargain purposes with the summary disposition of the less serious cases by sentences of probation, and that aggravated assault would not ordinarily result in a probated sentence, and that no arrest was made in this case but that the officer charged the defendant with reckless conduct and aggravated assault, and recognizing that many defendants accept plea agreements of probation rather than make numerous appearances for trial, and this defendant, I believe, made three appearances according to the testimony, I think it's reasonable to conclude and I find the defendant pled guilty to the charges and accepted probation to forgo the burdens of litigation.

The government neither concedes nor contests the accuracy of the district court's findings, either as to the practices in Fulton County courts or as to the circumstances surrounding Phillips' aggravated assault conviction. Instead, the government contests the legal effect the district court gave those findings by making them the basis for a downward departure.

Assuming for present purposes the accuracy of the district court's findings, we agree with the government that they do not provide a sufficient basis for a downward departure. Parsed to its core, the district court's explanation reveals that it departed downward for one of two reasons. The court departed downward either because it believed for the reasons stated that Phillips had not been guilty of the aggravated assault crime for which he had been convicted in Fulton County, or because it believed he had received a lenient sentence for that crime. As we explain below, neither reason is an appropriate basis for departure.

### 1. *Departure Because Phillips Was Not Guilty of Aggravated Assault*

Several times in the sentencing transcript, the district court indicated its belief that Phillips was not guilty of the aggravated assault charge, which served as a predicate offense for his treatment as a career offender. The court expressed its familiarity with the Fulton County "assembly-line type of justice," whereby a court "would dispose of 20 or 30 felony cases in about ten minutes with pleas and so forth." The court also referred to Fulton County's "practice of charging the more serious

5

offenses available for plea bargain purposes with the summary disposition of the less serious cases by sentences of probation," with apparent disregard for whether the defendant was guilty of any of the charges.

Further reflecting its skepticism about the result in the aggravated assault case, the district court focused on the procedural events of that case. The court mentioned three times that Phillips was never arrested on the aggravated assault charge. On four occasions, the district court referred to Phillips' statement that he had pleaded guilty rather than continue to make futile trips to the courthouse. Indeed, the district court expressly found that Phillips "pled guilty to the charges and accepted probation to forego the burdens of litigation." In effect, the district court found that Phillips was not guilty of aggravated assault, but that he had pleaded guilty because the Fulton County system made it easier to plead guilty than to protest his innocence.

For all intents and purposes, the district court engaged in a collateral attack on Phillips' aggravated assault conviction. The court essentially utilized the downward departure to nullify that conviction, based upon its determination that, under the circumstances, Phillips probably had not been guilty of the crime for which the Fulton County court adjudged him guilty. It was error for the district court to do that. Collateral attacks on prior convictions are allowed in federal sentencing proceedings in one narrow circumstance only: when the conviction was obtained in violation of the defendant's right to counsel. *See Custis v. United States,* 511 U.S. 485, 486-89, 114 S.Ct. 1732, 1734, 128 L.Ed.2d 517 (1994); *see also United States v. Roman,* 989 F.2d 1117, 1120 (11th Cir.1993) (holding that unless a prior conviction is "presumptively void," it is not open to collateral attack in a federal sentencing proceeding) (en banc). Neither *Custis* nor *Roman* involved a sentence enhancement under § 4B1.1, the career offender provision. However, we have previously held that both *Custis* and *Roman* are applicable to the determination of career offender status under § 4B1.1. *See United States v. Farris,* 77 F.3d 391, 397 & n. 10 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 241, 136 L.Ed.2d 170 (1996). The result is that in sentencing a defendant a district court cannot ignore or discount for any purpose a prior conviction that has not been invalidated in a prior

6

proceeding, unless there was an unwaived absence of counsel in the proceedings resulting in that conviction. *See* U.S.S.G. § 4A1.2 cmt. 6.

Phillips was represented by an attorney when he pleaded guilty to aggravated assault in Fulton County, and that conviction has not been invalidated in any prior proceeding. The district court was not free to ignore or discount the aggravated assault conviction based upon its concerns about the Fulton County criminal justice system and its treatment of Phillips' case. Such a collateral attack on a prior conviction is not permitted under the guidelines. Just as a district court may not directly negate a prior conviction because of doubts about the verity of the result, it also may not do that indirectly by departing downward because of those same doubts. If that is what the district court did, and we think it is, the court abused its discretion.

Phillips contends that the district court did not collaterally attack the prior conviction but instead made a permissible departure under § 4A1.3, which involves the adequacy of a defendant's criminal history category. He argues that a district court can examine the circumstances surrounding a conviction to determine whether "a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes," § 4A1.3, and depart downward on that basis where appropriate. *See id.* Our cases addressing § 4A1.3 appear to have applied it to a pattern of criminal conduct, not to an individual crime. *See, e.g., United States v. Santos,* 93 F.3d 761, 763 (11th Cir.1996) (affirming upward departure based upon prior convictions that were not reflected in criminal history score), *cert. denied,* --- U.S. ----, 117 S.Ct. 1437, 137 L.Ed.2d 544 (1997); *United States v. Maurice,* 69 F.3d 1553, 1559 (11th Cir.1995) (affirming upward departure under § 4A1.3 to take into account nine convictions more than 10 years old); *see also United States v. Adudu,* 993 F.2d 821, 823 (11th Cir.1993) (reversing where upward departure based on circumstances of current crime, not past criminal conduct).

In any event, Phillips' argument misapprehends the focus of § 4A1.3. That guideline policy statement is concerned with the pattern or timing of prior convictions, not with doubts about their

validity. The proper focus is evident in the illustrative situation described in the guideline: "An example might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." § 4A1.3. When § 4A1.3 is applied, the validity of the convictions are assumed. A sentencing judge may not use the guideline to circumvent the rule prohibiting a collateral attack on a prior conviction in a sentence proceeding. Section 4A1.3 does not permit what *Roman* and *Custis* prohibit: a lower sentencing range resulting from the judge's doubts about whether the defendant was truly guilty or fairly convicted of a prior crime. To use § 4A1.3 for that purpose is an abuse of discretion.

2. *Departure Because Phillips Received Lenient Treatment for the Aggravated Assault Conviction*

The only other reason for departing downward that might be inferred from the district court's explanation is that Phillips had received lenient treatment for his aggravated assault conviction. Twice, the district court noted that a probated sentence for an aggravated assault conviction was unusual. From that, it could be inferred the district court thought that the lenient sentence that Phillips received for his prior conviction was less serious than that imposed for similar crimes and departed downward for that reason. Such an approach would conflict with § 4A1.3, which explains that an *upward* departure may be appropriate where the defendant "had previously received an extremely lenient sentence for a serious offense." Because the guidelines contemplate an upward departure for prior lenient treatment, the district court abused its discretion in departing downward for that reason, if that was the reason.

### IV. CONCLUSION

For the foregoing reasons, we REVERSE the sentence the district court imposed. The sentencing of this defendant has been litigated long enough. All possible non-frivolous issues have been explored and decided. Accordingly, we direct the district court to enter a sentence pursuant to the career offender guideline, within the 360 month to life range, to be followed by the 60-month consecutive § 924(c) sentence, and to impose any appropriate fine.

8