[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14911
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-10004-JEM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

YASMANY SANTANA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 26, 2012)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Yasmany Santana appeals his eighty-four-month sentence, which the district court imposed after he pleaded guilty to conspiracy with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846.  On appeal, Santana argues that the district court improperly calculated his criminal history and imposed an unreasonable sentence.

I.

We turn first to Santana's argument that the district court miscalculated his criminal history.  Santana's Pre-Sentence Report (PSR) assigned him a criminal history category of V based on a total of eleven criminal history points.  Two of those eleven points stemmed from a 2009 Florida conviction for trespassing for which Santana spent 103 days in jail.  See U.S.S.G. § 4A1.1(b).  Santana filed an objection to the PSR arguing that his 2009 conviction did not support the two-point enhancement.  He noted that his sentence for the 2009 conviction was only for "time served," and that he received credit for the 103 days he had spent in jail prior to the imposition of the sentence.  He argued that a "time served" sentence could not be counted under U.S.S.G. § 4A1.2(c)(1), and that the sentence did not exceed sixty days under § 4A1.1(b).  The district court rejected this argument at the sentencing hearing.

On appeal, Santana argues for the first time that his sentence of 103 days

2

was illegal under Florida law, because his 2009 trespass conviction was a second-degree misdemeanor subject to a maximum punishment of sixty days imprisonment.[1]  He claims that, because his sentence would be illegal under Florida law, his sentence cannot be equivalent to a 103-day sentence.

We review a district court's factual findings for clear error and its application of the sentencing guidelines to those facts de novo.  United States v. McGuinness, 451 F.3d 1302, 1304 (11th Cir. 2006).  However, we review objections to sentencing calculations raised for the first time on appeal for plain error.  United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006).  This standard requires 1) an error; 2) that is plain; 3) that affects a substantial right of the defendant; and 4) that undermines the public integrity of judicial proceedings.  See id. at 831–32.  Section 4A1.1(b) adds two criminal history points for "each prior sentence of imprisonment of at least sixty days."  U.S.S.G. § 4A1.1(b).  Section 4A1.1(c) adds one point for any prior sentence that falls below the threshold of § 4A1.1(b).  See id. § 4A1.1(c).  However, § 4A1.2(c)(1) excludes from an offender's criminal history certain misdemeanors and petty offenses, including trespassing, if the term of probation was less than one year or if the prison sentence was for less than thirty days.  See id. § 4A1.2(c)(1).  Thus, a trespassing

---

[1]  See Fla. Stat. § 810.08(2)(a); see also id. § 775.082(4)(b).

3

misdemeanor conviction only earns points under § 4A1.1(b) if it carries a sentence of at least thirty days.

Santana did not address the alleged illegality of his 103-day sentence under Florida law in front of the district court. Therefore, we review his argument for plain error. Bennett, 472 F.3d at 831–32. The government concedes that Santana's 2009 trespass conviction carried a maximum sentence of sixty-days imprisonment under Florida law. Nevertheless, the government contends that even if Santana's 2009 trespass conviction did not warrant a two-point enhancement under § 4A1.1(b), it would still merit a one-point enhancement under §§ 4A1.1(c) and 4A1.2(c)(1). Even with this adjustment in place, Santana would have a criminal history of ten instead of eleven points, which would still place him in a criminal history category of V. See U.S.S.G. Ch. 5 Pt. A. Therefore, even assuming the district court erred in assigning Santana two criminal history points under § 4A1.1(b),[2] any such error did not affect Santana's substantial rights, so it did not constitute plain error.

---

[2] We pause to express doubt that the district court erred in assigning two points under § 4A1.1(b). Florida law permits a "term of imprisonment not exceeding 60 days" for second-degree misdemeanors, including trespassing. Fla. Stat. § 775.082(4)(b) (emphasis added). The sentencing guidelines impose two criminal history points for each prior sentence "of at least sixty days." U.S.S.G. § 4A1.1(b) (emphasis added). Therefore, even if we were to read Santana's prior sentence of 103 days as imposing the sixty-day statutory maximum under Fla. Stat. § 775.082(4)(b), the conviction would still result in a two-point enhancement under § 4A1.1(b).

In response, Santana seems to argue that we should deem his 2009 sentence as being less than thirty days because the 103-day time-served sentence exceeded the statutory maximum under Florida law.  However, he cites no authority to support this proposition, and we do not find this argument compelling.  See United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997) ("[I]n sentencing a defendant a district court cannot ignore . . . a prior conviction that has not been invalidated in a prior proceeding, unless there was an unwaived absence of counsel in the proceedings resulting in that conviction.").

## II.

We turn next to Santana's argument that his sentence was procedurally and substantively unreasonable.  In reviewing the reasonableness of a sentence, we first determine whether the district court committed procedural error.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  We then evaluate the substantive reasonableness of the sentence under an abuse of discretion standard. Id.

Santana argues that his sentence is procedurally unreasonable because the district court failed to correctly calculate his criminal history, and because it failed to consider the nature and circumstances of the offense, pursuant to 18 U.S.C. § 3553(a)(1).  As we explained above, we reject that the alleged error regarding

5

Santana's criminal history category constitutes reversible error.  As to § 3553(a)(1), Santana argues that the district court erred by refusing to consider the relative responsibility of his co-defendant, thereby resulting in an unfair sentencing disparity.  In fact, the district court did consider the relative roles of Santana and his co-defendant, but concluded that the co-defendant's relative responsibility was ultimately immaterial to Santana's sentence.  The court explained that Santana deserved a higher sentence than his co-defendant in light of his violation of parole and criminal history.  Therefore, we find Santana's allegation of procedural error to be without merit.

For the same reason, we reject Santana's argument that the district court's sentence was substantively unreasonable because the court failed to give sufficient weight to the relative role of the defendants under § 3553(a)(1).

## III.

For these reasons, we AFFIRM the district court.

6