[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11510
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00053-RH-WCS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY JAMES JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 3, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Henry Jackson pleaded guilty to one count of conspiracy to distribute

cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; one count of

distribution of cocaine—aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 2; and one count of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). The district court applied the career offender enhancement of United States Sentencing Guidelines § 4B1.1 (Nov. 2011) based on Jackson's prior convictions in Florida for burglary of a dwelling with assault or battery and possession of marijuana with intent to sell, both felonies under Florida law. The court's application of that enhancement together with a reduction for acceptance of responsibility resulted in a guidelines range of 188 to 235 months imprisonment. The district court sentenced Jackson to 188 months imprisonment, six years of supervised release, and an assessment of $300.

Jackson did not object to the district court's application of the career offender enhancement at his sentencing hearing but challenges it now. He contends that the district court erred by applying the career offender enhancement because the Florida statute under which he was convicted for possession of marijuana with intent to sell is unconstitutional.[1] Because Jackson did not make that objection in the district court, we review only for plain error. United States v. Johnson, 694 F.3d 1192, 1195 (11th Cir. 2012).

---

[1] The United States District Court for the Middle District of Florida held that the Florida statute under which Jackson was convicted is facially unconstitutional in Shelton v. Sec'y, Dep't of Corr. (Shelton I), 802 F. Supp. 2d 1289, 1308 (M.D. Fla. 2011). We reversed on other grounds without deciding the constitutionality of that statute. Shelton v. Sec'y, Dep't of Corr. (Shelton II), 691 F.3d 1348, 1355 (11th Cir. 2012). After the district court's decision in Shelton I, but before our decision in Shelton II, the Florida Supreme Court held that the statute under which Jackson was convicted is constitutional. State v. Adkins, 96 So. 3d 412 (Fla. 2012).

2

A defendant may not collaterally attack at sentencing a state court conviction used to apply a career offender enhancement except when that conviction was obtained in violation of his right to counsel. United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997) ("Collateral attacks on prior convictions are allowed in federal sentencing proceedings in one narrow circumstance only: when the conviction was obtained in violation of the defendant's right to counsel."). Jackson does not allege that his conviction for possession of marijuana with intent to sell was obtained in violation of his right to counsel; he contends only that the statute under which he was convicted is unconstitutional.

Accordingly, the district court did not plainly err by applying the career offender enhancement to Jackson's sentence. However, the judgment entered in this case does not list a violation of 21 U.S.C. § 846, which is necessary for the conspiracy offense in Count 1, or a violation of 18 U.S.C. § 2, which is necessary for aiding or abetting liability in Count 2. We remand for the sole purpose of correcting the judgment to accurately reflect Jackson's convictions on Count 1, conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 and Count 2, distribution of cocaine—aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. § 2.

Jackson's sentence is **AFFIRMED**.  The case is **REMANDED** solely for the purpose of correcting the judgment to reflect the crimes for which Jackson was actually convicted and sentenced.