*1294 MARTIN, Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent from Part II.A of the Majority Opinion, which holds that Mr. Garza-Mendez’s family violence battery conviction is an “aggravated felony” for purposes of United States Sentencing Guidelines (USSG) § 2L1.2(b)(l)(C). Unlike the Majority, I believe a proper application of our precedent requires the District Court to defer to the clarification order issued by the Gwinnett County State Court, which clearly states that Mr. Garza-Mendez’s sentence for his family violence battery conviction was 12 months of probation, with the first 30 hours served in custody, not 12 months of incarceration. State v. Garza-Mendez, No.2007-D-04212-S5 (Ga.Gwinnett Cty.Ct. Apr. 17, 2012) (Order Clarifying Sentence). Deferring to this order, I would find that Mr. Garza-Mendez’s conviction does not constitute an “aggravated felony” because he did not receive a “term of imprisonment” of at least one year. See United States v. Guzman-Bera, 216 F.3d 1019, 1021 (11th Cir.2000) (holding that “when á court does not order a period of incarceration and then suspend it, but instead imposes probation directly, the conviction is not an ‘aggravated felony’ ”) (quoting United States v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir.1999)).
I also write separately, however, to express my concerns about the Majority’s astonishing refusal to defer to the State Court’s order. The failure to do so is not consistent with the longstanding tradition in this Court of promoting comity between state and federal courts in criminal cases. In the vast majority of criminal cases, deference to comity works to the detriment of federal defendants because it bars them from challenging their State Court convictions, which are used to enhance their federal sentences. See, e.g., United States v. Phillips, 120 F.3d 227, 231 (11th Cir.1997) (“Collateral attacks on prior convictions are allowed in federal sentencing proceedings in one narrow circumstance only: when the conviction was obtained in violation of the defendant’s right to counsel.”); United States v. Jackson, 57 F.3d 1012, 1018 (11th Cir.1995) (“Generally, we do not allow a defendant to collaterally attack in the sentence proceeding convictions being used to enhance his sentence.”).
This case, of course, presents one of the rare instances in which showing deference and comity to the State Court would benefit a federal defendant. But here, in contrast to our usual practice, the Majority shows no comity and no deference to an order of the State Court clarifying the terms of the sentence that it imposed on Mr. Garza-Mendez. The Majority’s refusal to credit the State Court’s clarification of its own sentence is perplexing, especially given that, in my experience, we do not scrutinize State Court judgments in the same way when they result in a harsher sentence for criminal defendants. See, e.g., United States v. Sanchez, 586 F.3d 918, 931 (11th Cir.2009) (“Except for convictions that are presumptively void, a defendant may not use a sentencing proceeding to mount a collateral attack on a prior conviction.”); United States v. Brand, 163 F.3d 1268, 1275 (11th Cir.1998) (“Brand’s collateral attack of the state court order is not cognizable.”).
The Majority’s efforts to justify its lack of comity are not persuasive. Although the Majority correctly points out that the state judge who issued the clarification order was not the sentencing judge,[1] it *1295 cannot cite to any authority suggesting that an order entered under such circumstances is entitled to less deference than any other state court order.[2] See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 462-63, 102 S.Ct. 1883, 1887-88, 72 L.Ed.2d 262 (1982) (“As one of its first acts, Congress directed that all United States courts afford the same full faith and credit to state court judgments that would apply in the State’s own courts.”). Neither can the Majority explain why the Gwinnett County State Court is not in the best position to interpret and explain whether it imposed on Mr. Garza-Mendez a sentence of imprisonment or probation. We should accept Judge South’s Order Clarifying Sentence to be what she said it is — an order clarifying the original terms of Mr. Garza-Mendez’s sentence.
The Majority also suggests that the State Court’s clarification order need not be given any weight because it involves the interpretation of a “state-sentence form as to federal law.” This argument, however, is simply wrong on its face. Nowhere does the State Court’s clarification order reflect an attempt to apply federal law in determining how the Sentencing Guidelines should be applied to Mr. Garza-Mendez in this case. All that the order purports to do is clarify that Mr. Garza-Mendez’s sentence for his family violence battery conviction was 12 months of probation, with the first 30 hours to be served in custody, rather than 12 months of incarceration. Even though this clarification may have the practical effect of resolving the aggravated felony enhancement issue in this case, the record before us is utterly devoid of any indication that the State Court attempted to answer any questions of federal law in its order. Rather, all of its determinations were either factual or based on state law, and we owe deference to these determinations. See Baggett v. First Nat’l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir.1997) (“State courts, not federal courts, should be the final arbiters of state law.”).
Finally, the Majority implies that the State Court’s order is not reliable because it was “strategically timed” by Mr. Garza-Mendez’s attorney “for the purpose of preventing an 8-level enhancement.” But I see no reason at all why the State Court’s order should be given any less deference because it was obtained by Mr. Garza-Mendez’s attorney. Certainly we give no less deference to State Court sentencing orders obtained and presented by prosecutors. We also know that, as a general rule, federal criminal defendants are not permitted to collaterally attack a prior State Court conviction in federal court. See Custis v. United States, 511 U.S. 485, 496-97, 114 S.Ct. 1732, 1738-39, 128 L.Ed.2d 517 (1994) (holding that with the sole exception of convictions obtained in violation of the right to counsel, defendant has no right under the Armed Career Criminal Act or the Constitution to collaterally attack a prior State Court conviction at his federal sentencing proceeding). This being the case, the only way that Mr. Garza-Mendez could attack or clarify his prior State Court conviction was to go back to the State Court that imposed it. See United States v. Medlock, 12 F.3d 185, 189 (11th Cir.1994) (“Our system of federalism does not envision federal sentencing courts sitting as open-door review boards at the beck and call of defendants who have failed to avail themselves of well- *1296 established procedures for direct appeal or habeas scrutiny.”)- It is hard to imagine why the Majority penalizes Mr. Garza-Mendez for going exactly to the place we tell criminal defendants to go when they wish to clarify their State Court judgments.
I close by emphasizing again that the Majority’s lack of deference here is striking because, in my experience, it has always been the practice of this Court to exercise great deference to State Court judgments in criminal cases, especially when comity bars defendants from obtaining relief in federal court. Surely it is true that equal justice requires us to show deference and comity to State Court judgments in all situations, whether it serves to help or hurt a defendant in our Court. Indeed, it must be our charge to prevent the principle of comity from being reduced to a mere tool that works only to the disadvantage of criminal defendants. Cf. United States v. Early, 686 F.3d 1219, 1223-25 (11th Cir.2012) (Martin, J„ concurring) (observing that this Court typically upholds any upward variance above the Sentencing Guidelines range but rarely shows deference to a sentencing court’s decision to grant a downward variance).
I respectfully dissent to the denial of relief to Mr. Garza-Mendez with respect to the use of his 2007 family violence battery conviction to enhance the federal sentence we consider here.

. A fact not relied upon, or even mentioned by the District Court in its ruling enhancing Mr. Garza-Mendez’s sentence.

. Indeed, given Judge South's extensive experience, she was well-equipped to interpret Mr. Garza-Mendez’s sentence. Publicly available records indicate that Judge South has served as a Judge of the State Court of Gwinnett County since 2001. Prior to joining the bench, Judge South served on the Gwinnett County Magistrate Court and as a prosecutor in the Gwinnett County District Attorney’s Office.