[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11627

_____

D.C. Docket Nos. 5:16-cv-08107-LSC; 5:99-cr-00102-LSC-TMP-1


CLIFFORD SENTER,

                                                        Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent – Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 30, 2020)

Before NEWSOM and BRANCH, Circuit Judges, and BAKER,[*] District Judge.

BAKER, District Judge:

Clifford Senter, a federal prisoner, appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate sentence. Before the district court, Senter argued, in relevant part, that he no longer qualified as an armed career criminal in light of *Johnson v. United States*, 576 U.S. 591 (2015), because his prior 1988 Alabama conviction for attempted first-degree robbery was not a crime in the state and as such had no state law elements. The district court rejected this portion of Senter's purported *Johnson* claim as an improper collateral attack on his state conviction. We granted a certificate of appealability to determine whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), by misapprehending and thereby failing to address his argument that he no longer qualified as an armed career criminal post-*Johnson* because his prior Alabama attempted first-degree robbery conviction contained no state law elements. However, a close review of the district court's opinion reveals that it correctly identified and sufficiently addressed Senter's claim. Therefore, after careful review and with the benefit of oral argument, we will affirm.[1]

---

[*] Honorable R. Stan Baker, United States District Judge for the Southern District of Georgia, sitting by designation.

[1] We sua sponte VACATE and WITHDRAW the previous opinion filed on November 30, 2020 and appearing at *Senter v. United States*, ___ F.3d ___, No. 18-11627, 2020 WL 6685299, at *1 (11th Cir. Nov. 13, 2020), and issue this opinion in its place. The previous opinion may not be cited by or to this Court or any district court of the Eleventh Circuit.

**I**

In 1999, a jury in the Northern District of Alabama found Senter guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and 2 (Count I); using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count II); and possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (Count III).  Normally, a violation of 18 U.S.C. § 922(g)(1) carries a maximum penalty of ten years in prison.  18 U.S.C. § 924(a)(2).  However, Senter's Presentence Investigation Report ("PSI") provided that under the Armed Career Criminal Act ("ACCA") Senter qualified for an enhanced sentence because he had three prior violent felony convictions.  The PSI based its finding on Senter's three prior Alabama convictions: (1) a 1988 second-degree robbery; (2) a 1988 attempted first-degree robbery; and (3) a 1992 third-degree robbery.

At the time of Senter's sentencing, a conviction could qualify as a violent felony conviction under three different ACCA definitional clauses.  18 U.S.C. § 924(e)(2)(B)(i)–(ii).  A conviction could qualify as a violent felony under the ACCA's so-called "elements clause" if it had "as an element the use, attempted use, or threatened use of physical force against the person of another[,]" or it could qualify under the "enumerated clause" if it was for "burglary, arson, . . . extortion [or] involve[d] use of explosives."  18 U.S.C. § 924(e)(2)(B)(i)–(ii); *In re Hires*,

825 F.3d 1297, 1298–99 (11th Cir. 2016).  Finally, under the statute's "residual clause," a violent felony conviction also included "conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

During the sentencing hearing, Senter made no objections to the PSI.  The district court subsequently adopted the PSI and found that Senter was an armed career criminal.  However, the district court did not specify whether the prior convictions qualified as violent felonies under the residual clause or instead under one of the ACCA's other definitional clauses.  The district court applied the ACCA enhanced sentencing requirement and sentenced Senter to a term of three hundred months for Count I and three hundred and sixty months for Count III, to be served concurrently.  Finally, for Count II, Senter received an additional sixty months to be served consecutively, for a total sentence of four hundred and twenty months. This Court affirmed Senter's conviction and sentence on direct appeal.  *United States v. Senter*, 232 F.3d 214 (11th Cir. 2000) (mem.).

In 2015, the United States Supreme Court decided *Johnson v. United States*, holding "that imposing an increased sentence under the [ACCA's residual clause] violates the Constitution's guarantee of due process."  *Johnson*, 576 U.S. at 606. In June 2016, Senter, acting *pro se*, filed a § 2255 motion in the Northern District of Alabama, arguing that his "[e]nhanced sentence [was] void in light of *Johnson*." After the district court appointed him counsel, Senter filed a Supplemental Brief.

In it, he argued, among other things, that without the ACCA's residual clause his 1988 Alabama attempted robbery conviction did not count as a violent felony for purposes of the ACCA because attempted robbery is not a crime under Alabama law and thus has no elements.[2]  Senter asserted that, without any elements, his attempted robbery conviction did not meet either of the remaining definitions of a violent felony because it did "not have as an element the use, attempted use, or threatened use of physical force against a person" or "the elements of burglary, arson, extortion [or] an element involving the use of explosives" as required by the ACCA.

On February 5, 2018, the district court issued a Memorandum of Opinion denying Senter's § 2255 motion.  The district court characterized Senter's Supplemental Brief as "argu[ing] that his attempted first-degree robbery conviction is not a violent crime because attempted robbery has not been a criminal offense in Alabama since 1979" or, "[i]n other words,  . . . argu[ing] that his attempted robbery conviction is invalid as a matter of Alabama state law."  The district court rejected this argument as an impermissible collateral attack on the validity of his

---

[2] Alabama enacted a new criminal code in 1980 which no longer recognized attempted robbery as a separate criminal offense from robbery.  *See Conner v. State*, 955 So. 2d 473, 475 (Ala. Crim. App. 2006) ("Since the effective date of the Alabama Criminal Code, January 1, 1980, attempted robbery is no longer considered a criminal offense . . . ."); *Petty v. State*, 414 So. 2d 182, 183 (Ala. Crim. App. 1982) ("Because the definition of robbery has been enlarged and expanded by the new criminal code . . . the former crime of attempted robbery now constitutes robbery.").

state court conviction. The district court then dismissed Senter's § 2255 motion with prejudice.

This appeal followed.[3]

## II

Senter argues that the district court violated *Clisby v. Jones* by failing to address his claim that his Alabama attempted robbery conviction was not a violent felony conviction for purposes of the ACCA post-*Johnson* because the crime does not exist under Alabama law and thus lacks any elements. *Clisby* requires a federal district court "to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless whether habeas relief is granted or denied."[4] *Clisby*, 960 F.2d at 936. The district court classified Senter's claim as a collateral attack against his state sentence and dismissed it. Senter asserts that the district court "misconstrued" his claim, and thereby failed to address it in violation of *Clisby*.

---

[3] "On an appeal of a § 2255 motion to vacate, we review legal issues *de novo* and factual findings for clear error." *McKathan v. United States*, 969 F.3d 1213, 1222 (11th Cir. 2020).

[4] We have also applied the principle announced in *Clisby* to claims raised in a § 2255 motion. *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (per curiam) ("[T]he district court was required to comply with *Clisby* and resolve all claims for relief raised in [movant's] § 2255 motion."); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to § 2255 motions.").

**A**

In *Custis v. United States*, the Supreme Court examined "whether a defendant in a federal sentencing proceeding may collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA." *Custis v. United States*, 511 U.S. 485, 487 (1994). The Supreme Court ultimately held that the ACCA "does not permit [a defendant] to use the federal sentencing forum to gain review of his state convictions" unless the conviction involved a violation of the defendant's right to counsel. *Id.* at 497. Instead, a defendant must challenge his state sentence either in state court or through federal habeas review via 28 U.S.C. § 2254. *Id.* If successful, the defendant could "then apply for reopening of any federal sentence enhanced by the state sentences." *Id.*

Several years later, in *Daniels v. United States*, the Supreme Court considered whether to extend *Custis* to federal movants who, through § 2255 motions, challenge their federal sentence by arguing that their prior state convictions—which had been used for federal sentence enhancement—were unconstitutionally obtained. *Daniels v. United States*, 532 U.S. 374, 376 (2001). Applying reasoning similar to that used in *Custis*, the Supreme Court held that a movant could not collaterally attack a state court conviction in a § 2255 motion. *Id.* at 384. Writing for the Court, Justice O'Connor noted that states have an interest in the finality of their judgments even in the context of their use for federal

sentencing enhancements, because "if a state conviction were determined to be sufficiently unreliable that it could not be used to enhance a federal sentence, the State's ability to use that judgment subsequently for its own purposes would be, at the very least, greatly undermined." *Id.* at 379–80. This broad interpretation of what constitutes a collateral attack aligned with the Supreme Court's prior statements regarding the reasoning behind the doctrine. *See Parke v. Raley*, 506 U.S. 20, 30 (1992) ("Respondent, by definition, collaterally attacked his previous convictions; he sought to deprive them of their normal force and effect in a proceeding that had an independent purpose other than to overturn the prior judgments.") (*citing* Black's Law Dictionary 261 (6th ed. 1990) and *Lewis v. United States*, 445 U.S. 55, 58, 65 (1980)).

Our own precedent also supports a broad interpretation of the parameters of a collateral attack. In *United States v. Phillips*, the district court determined during sentencing that the defendant qualified as a career offender under U.S.S.G. § 4B1.1. *United States v. Phillips*, 120 F.3d 227, 229 (11th Cir. 1997). However, the district court departed downward from the sentencing guidelines and sentenced the defendant as if he were not a career offender. *Id.* In explaining its decision, the sentencing court expressed doubt as to whether the defendant was truly guilty of the aggravated assault charge for which he had been convicted in the state court system. *Id.* at 230–31. We reversed the district court's sentence, reasoning that,

8

"[f]or all intents and purposes, the district court engaged in a collateral attack on [the defendant's] aggravated assault conviction." *Id.* at 231. We further explained that, "in sentencing a defendant a district court cannot ignore or discount for any purpose a prior conviction that has not been invalidated in a prior proceeding, unless there was an unwaived absence of counsel in the proceedings resulting in that conviction." *Id.*

While *Phillips* was a direct appeal, the opinion taken together with *Custis* and its progeny illustrates the broad parameters of the prohibition against attacking state court convictions through federal proceedings. Petitioners are prohibited from asserting claims which would require a district court to "ignore or discount for any purpose a prior [state] conviction that has not been [previously] invalidated" except "when the conviction was obtained in violation of the defendant's right to counsel." *Phillips*, 120 F.3d at 231 (*citing Custis*, 511 U.S. at 486–89 and *United States v. Roman*, 989 F.2d 1117, 1120 (11th Cir. 1993)).

**B**

In his § 2255 motion, Senter argued that "[a]ttempted robbery cannot qualify as a violent felony under either the force clause or as an enumerated offense because it is a non-existent offense and therefore does not have any elements." When addressing this argument, the district court provided the following analysis,

> Senter additionally argues that his attempted first-degree robbery conviction is not a violent crime because attempted robbery has not

9

been a criminal offense in Alabama since 1979, relying upon *Conner v. State*, 955 So. 2d 473, 475 (Ala. Crim. App. 2006) ("Since the effective date of the Alabama Criminal Code, January 1, 1980, attempted robbery is no longer considered a criminal offense."). In other words, Senter argues that his attempted robbery conviction is invalid as a matter of Alabama state law. However, Senter may not collaterally attack the validity of his state-court conviction in these proceedings. *See, e.g.*, *Custis v. United States*, 511 U.S. 485, 497 (1994) ("§ 924(e) does not merit Custis to use the federal sentencing forum to gain review of his state convictions"); *United States v. Phillips*, 120 F.3d 227, 231 (11th Cir. 1997) ("Collateral attacks on prior convictions are allowed in federal sentencing proceedings in one narrow circumstance only: when the conviction was obtained in violation of the defendant's right to counsel."); *United States v. Jackson*, 57 F.3d 1012, 1018 (11th Cir. 1995) ("Generally, we do not allow a defendant to collaterally attack in the sentence proceeding convictions being used to enhance his sentence."). Thus, a claim that the attempted robbery conviction is not a valid conviction cannot serve as a basis to grant Senter relief.

The crux of Senter's *Clisby* argument is that the district court mischaracterized his claim as attacking the validity of his attempted robbery conviction under Alabama law rather than as attacking the use of that conviction as an ACCA predicate violent felony under federal law. However, the district court's reasoning shows that it understood at bottom that Senter's claim would require it to examine the validity of Senter's state conviction. Indeed, in his motion before the district court, Senter began his argument by contending that his attempted robbery conviction was for a "non-existent offense." Thus, in the first sentence of its analysis quoted above, the district court correctly identified that Senter's purported *Johnson* claim was premised on his contention that he was convicted for a state

10

law crime that did not exist at the time of his conviction. A defendant cannot be convicted of a non-existent offense. *See Adams v. Murphy*, 653 F.2d 224, 225 (5th Cir. 1981)[5] ("Nowhere in this country can any man be condemned for a nonexistent crime."); *Casey v. State*, 925 So. 2d 1005, 1006 (Ala. Crim. App. 2005) ("[B]ecause [defendant] pleaded guilty to an offense that does not exist, his conviction is void and should be set aside."). Therefore, Senter's claim implicitly attacked the validity of his state conviction. Recognizing this practical import, in the next sentence of its analysis the district court reformulated Senter's claim by stating, "In other words, [he] argues that his attempted robbery conviction is invalid as a matter of Alabama state law." This was not a misstatement of Senter's claim but rather simply an effort to get to the root of the problem with it—that Senter was collaterally attacking a state court judgment. Indeed, by use of the phrase "in other words," the district court indicated that it recognized the actual rather than the purported substance of Senter's claim. Thus, the court correctly identified the claim before it, and its reframing of the claim did not violate *Clisby*.

As for the analysis of Senter's claim, to satisfy *Clisby*, a district court must simply resolve a petitioner's claim to an extent that makes it amenable to a meaningful review on appeal. *See Long v. United States*, 626 F.3d 1167, 1170

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981, as binding precedent.

11

(11th Cir. 2010) ("[W]e have long required the district courts and administrative boards to facilitate meaningful appellate review by developing adequate factual records and making sufficiently clear findings as to the key issues."). Here, the district court's assessment of Senter's claim was thorough enough that we could infer the analytic steps that were not expressly laid out in the Memorandum of Opinion. As described above, both the Supreme Court and our own precedent establish broad parameters for the collateral attack doctrine, and make clear that the doctrine bars not only those claims that directly attack a state conviction but also those that imply the invalidity of the conviction. As such, we can infer that by citing both *Custis* and *Phillips* in support of its collateral attack determination, the district court identified that Senter's claim would at a minimum undermine a state court decision (Senter's Alabama conviction for attempted robbery) and should be appropriately considered and analyzed as a collateral attack. To be clear, if the district court had determined that Senter's prior conviction lacked elements because it was a non-existent offense under Alabama law, the district court at a minimum would have been implying that the state conviction is invalid—after all, as we have explained above one cannot have a valid conviction for a non-existent offense. Such a holding, in essence, would have been sanctioning a collateral attack to the state conviction and would have constituted an end-run around the

12

Supreme Court's decision in *Custis* and its progeny.[6]  This recognition of Senter's claim as a collateral attack would necessitate dismissal of the claim, which is what the district court did.

It may be best practice for a district court to follow a "show your work" approach by directly restating a movant's claim and then laying out all analytical steps in addressing that claim.  However, the district court's approach here correctly identified and sufficiently analyzed Senter's claim and did not run afoul of *Clisby*.

## III

For the foregoing reasons, we affirm the district court's judgment.

**AFFIRMED**.

---

[6] Although Senter has suggested that granting him relief in this instance would have no effect beyond this federal proceeding, the Supreme Court rejected a virtually identical argument in *Daniels*.  *See* 532 U.S. at 380 (rejecting the petitioner's argument "that invalidating a prior conviction . . . for purposes of its use under the ACCA would have no effect beyond the federal proceeding," and noting that "if a state conviction were determined to be sufficiently unreliable that it could not be used to enhance a federal sentence, the State's ability to use that judgment subsequently for its own purposes, would be, at the very least, greatly undermined.  [And], the State does have a real and continuing interest in the integrity of its judgments").

13