[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13556

Non-Argument Calendar

_____

PATRICK DEWAYNE HALL,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket Nos. 2:19-cv-08032-LSC,
2:15-cr-00283-LSC-HNJ-1

2                    Opinion of the Court                    22-13556

_____

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Patrick Dewayne Hall, *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. A member of this Court granted Hall a certificate of appealability (COA) on whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*) by failing to address Hall's ineffective-assistance-of-counsel claims. The grant had six subclaims:

(1) trial counsel was ineffective for failing to prepare his case, file motions, request discovery or investigate a defense prior to the change-of-plea hearing;

(2) trial counsel was ineffective for misadvising him that it did not matter if he was charged related to heroin even if he was not involved in dealing heroin;

(3) trial counsel was ineffective for failing to consult with him about forfeiture and for allowing the government to seek forfeiture;

(4) trial counsel was ineffective for misadvising him that he had to plead guilty to all charges;

(5) trial counsel's conduct was sufficient for presumed prejudice under *United States* v. *Cronic,* 466 U.S. 648 (1984); and

(6) trial counsel was ineffective for failing to file a motion pursuant to *Kastigar* v. *United States,* 406 U.S. 441 (1972), and for failing to challenge the government's

response to the Presentence Investigation Report when the government used immune information from his proffer session in support of the drug attribution amount.

In *Clisby*, we directed district courts to resolve all claims for relief raised in a habeas petition, whether habeas relief is granted or denied. 960 F.2d at 935-36. Under *Clisby*, our only role is to determine whether the district court failed to address a claim, not whether the underlying claim is meritorious. *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013).

A district court "facilitate[s] meaningful appellate review by developing adequate factual records and making sufficiently clear findings as to the key issues." *Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010). Indeed, even "reformulat[ing]" or "reframing" a movant's claim is permissible, so long as the district court "get[s] to the root of the problem." *Senter v. United States*, 983 F.3d 1289, 1294 (11th Cir. 2020).

Although Hall's 28 U.S.C. § 2255 motion alleged trial counsel failed to file motions, request discovery, and investigate a defense prior to Hall's change-of-plea hearing, the district court failed to address this claim. *See Dupree*, 715 F.3d at 1299-1300 (reviewing *de novo* whether a district court violated *Clisby* by failing to address a claim and explaining a habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it). The district court focused its discussion on the change-of-plea and sentencing hearings, which were the focus of much of Hall's extremely lengthy § 2255 motion. However, as the

Government concedes "[h]ere and there, Hall's 300-plus page motion includes short allegations that counsel failed to investigate, file motions, and request discovery." Further, issue three of Hall's motion alleged counsel was ineffective for failing to subject the case to "meaningful adversarial testing." *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (stating this Court liberally construes *pro se* filings, including *pro se* applications for relief under 28 U.S.C. § 2255). The closest the district court came to discussing subclaim 1 of the COA was its finding that trial counsel was not ineffective for failing to file a motion to suppress evidence obtained in a search and seizure. The district court noted Hall "fail[ed] to establish any facts supporting a reasonable probability that the outcome of his conviction or sentence would have been different had [trial counsel] objected to the Government's use of the evidence." This finding, however, does not "get to the root of the problem" concerning Hall's claim that trial counsel failed to take the steps necessary to determine whether Hall had a viable defense to his charges before trial counsel advised him to plead guilty. *See Senter*, 983 F.3d at 1294.

Thus, a remand is appropriate as to subclaim 1 of the COA.[1] As we are remanding on subclaim 1, we do not examine subclaims 2 through 6 of the COA. On remand, the district court should, if

---

[1] Hall's brief makes arguments unrelated to *Clisby* and outside the scope of his COA, and we need not address the issues raised by Hall that are beyond the scope of his COA. *See Murray v. United States*, 145 F.3d 1249, 1250 (11th Cir. 1998) (stating the scope of review in a habeas appeal is limited to the issues specified in the COA).

22-13556                Opinion of the Court                5

necessary, make sufficiently clear findings on these issues.  *See Barritt v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1246, 1251-52 (11th Cir. 2020) (explaining no *Clisby* error occurs when a movant fails to adequately present a claim to the district court); *Winthrop-Redin*, 767 F.3d at 1215; *Long,* 626 F.3d at 1170.

**VACATED AND REMANDED.**