**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10180

Non-Argument Calendar

————————————

PATRICK DEWAYNE HALL,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:19-cv-08032-LSC

————————————

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Patrick Hall appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We granted a certificate of appealability on a single issue: "Whether the district court violated

*Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), by failing to address, on remand, Hall's claims that trial counsel was ineffective for misadvising him that he had to plead guilty to all charges." After review,[1] we affirm.

Under *Clisby*, a district court must resolve all claims for relief raised in a § 2255 motion. *Id.* at 935-38; *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (holding that *Clisby* applies to § 2255 motions). If the district court did not resolve all raised claims, then we must vacate and remand for the district court to address any claims that it did not resolve. *See Clisby*, 960 F.2d at 938.

In this case, the district court did not violate *Clisby* because it adequately resolved Hall's claim that his counsel misadvised him that he had to plead guilty to all charges. In its order denying Hall's § 2255 motion on remand, the district court explicitly concluded that this claim was not meritorious. The district court did so in one sentence but relied on its reasoning in rejecting a different claim that trial counsel misadvised Hall about his potential sentence prior to pleading guilty.

Reviewing the district court's order, it is clear that the court rejected the claim at issue in this appeal because (1) it found Hall's testimony at the evidentiary hearing about trial counsel's advice prior to the guilty-plea hearing to be not credible, and (2) even if

---

[1] We review *de novo* whether a district court violated *Clisby*. *See Dupree v. Warden*, 715 F.3d 1295, 1298 (11th Cir. 2013).

25-10180                Opinion of the Court                3

trial counsel misadvised Hall, Hall could not establish prejudice in light of the plea colloquy. The district court's order is sufficiently clear such that we can infer all of the "analytic steps" that the court took whether or not they were expressly laid out. *See Senter v. United States*, 983 F.3d 1289, 1294 (11th Cir. 2020).

The district court's order got "to the root of the problem" of Hall's misadvice claim, so even if the court slightly reframed the claim, doing so was within its discretion. *See id.* Additionally, by holding an evidentiary hearing and eliciting briefing on all of the issues that we outlined in our opinion in Hall's prior appeal, the district court developed "a record sufficient to facilitate our review." *See Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010).

For these reasons, the district court resolved Hall's misadvice claim "to an extent that makes it amenable to a meaningful review on appeal." *Senter*, 983 F.3d at 1294. Thus, the district court did not violate *Clisby*.

**AFFIRMED.**